GEORGE W. KILCREASE *v.* JOHN A. LUM and WIFE.

1. VENDOR AND VENDEE: BONA FIDE PURCHASE WITHOUT NOTICE.—If the vendee receive notice of an outstanding incumbrance on the land, either before he has paid the purchase-money, or completed the purchase by taking a conveyance, he cannot avail himself of the defence of a *bona fide purchase* for value without notice. Sec. 2, Tuck. Com. 450; 1 Wash. R. 41; 3 Hen. & Munf. 316; 1 Munf. 38; Sugden on Vendors, 530, 556.
2. CHANCERY: ACCOUNT: WHEN NOTICE OF UNNECESSARY.—By the express provisions of the Revised Code, Art. 48, page 547, in suits to foreclose mortgages and deeds in trust, it is unnecessary for the commissioner to give notice to the

parties of stating the account; and as a vendor's lien is but an equitable mortgage, the statutory rule will apply to the stating of an account ordered in a suit to enforce the lien.

APPEAL from the Chancery Court of Copiah county.    Hon. John E. McNair, chancellor.

The appellees, Lum and wife, filed their bill in the court below against the appellant, to enforce their lien on certain land, which, they alleged, they held as the vendors of the said land to one Cook, for balance of the purchase-money due by Cook to them.

They alleged their sale to Cook, and the recovery of a judgment against him at law for the purchase-money, and that said judgment was entered, and that Cook was insolvent.    They also alleged that after their sale to Cook, that Cook had mortgaged the land to Sturges & King, who took said mortgage with full notice of complainant's lien.    That, afterwards, Sturges & King forced said land to be sold under their said mortgage; and that, at the commissioner's sale, the defendant became the purchaser, at the sum of $21, with notice of complainant's lien.

The defendant answered, admitting that Sturges & King had notice when they took the mortgage, but denying that he had such notice when he purchased.    The answer then states that the defendant became the purchaser of the land under the following circumstances: that being in Gallatin, and some distance from the court-house, he heard the sheriff crying the sale, at the then bid of $20, and that he approached the place where the sale was going on, and learning upon inquiry, that it was a sale of the land in controversy, he bid $21, and at that sum the same was struck off to him.    "Immediately after the land was struck off, as aforesaid, one Elbert Fergusson informed this respondent something about some claim of the complainant to said lands, and advised this defendant not to pay his bid; and this information from said Fergusson, this respondent most positively declares and avers, was the first intimation or notice that this respondent had that the complainant had any claim or lien on said land; and this information was not given until after the said lands had been struck off, and this defendant had become bound to pay his bid;" and the defendant insisted that, inasmuch

as he had not received the said information until after he had become bound to pay his bid, that he was a purchaser without notice, and he claimed protection as such.

It is unnecessary to set out the proof, as the opinion of the court was based upon the admissions in the answer.

An interlocutory decree was rendered, ordering the clerk and master to state an account as to what was due by Cook to complainants for the purchase-money of the land. The commissioner made his report to the same term of the court, and gave no notice of the stating of the account to defendant. The defendant objected to a confirmation of the report, because he had no notice of the time and place of taking it. His objection was overruled, and the report confirmed, and a final decree rendered, directing a sale of the land to pay the amount found due by the commissioner's report. From this decree, the defendant appealed.

*Benjamin King,* for appellant,
Cited *McGowan* v. *James,* 13 S. & M. 445.

*E. G. Peyton,* contra,
Cited Rev. Code, art. 48, p. 547.

HARRIS, J., delivered the opinion of the court.

This was a bill filed by appellees, to enforce the vendor's lien. The appellants resist the decree on the ground that they are innocent purchasers, without notice of complainant's lien. A decree of reference was had in the court below, a report by the commissioner, and final decree for complainants, to reverse which, this appeal is prosecuted. The errors assigned are :

1st. That the evidence, in view of the answer, did not sustain the allegations of the bill.

2d. Because the notice of the taking of the account before the commissioner was insufficient.

In view of the answer in this case, no proof was necessary as to notice. The answer admits that immediately after the auctioneer struck off the land to the defendant, he was informed of the lien before payment. This was sufficient notice.

The rule is, that " the purchase must be *completed,* before notice,

or the purchaser will be affected by it.  If, therefore, *either* the purchase-money be unpaid, or the purchaser has not completed his title, by having a conveyance before receiving notice, the notice will affect him; for if he receive that notice before *both* of these acts are perfected, he ought to stop until the equity be inquired into, or he will be bound by it." 2 Tucker's Com. 450; 1 Washington R. 41; 3 Hen. & Munf. 316; 1 Munf. 38; Sugden on Vendors, 530, 556.

The next ground of error was, the want of sufficient notice of the time of taking and settling the account, by the commissioner.

We think this case comes within the provisions of the forty-eighth article of the New Code, page 547, which provides " that in suits for the foreclosure or satisfaction of mortgages or deeds of trust, if the court shall think the complainant entitled to a decree, a reference may be made to the clerk or master, to compute the amount due, who shall proceed without notice to the parties, and make his report without delay; and no motion to confirm such report shall be necessary, but the report shall be confirmed, and a final decree passed of course, unless cause be shown to the contrary."

This is a bill to enforce a vendor's lien, which is but an equitable mortgage, and therefore comes within the spirit, if not the letter of the act.

Let the decree be affirmed.