## George W. Brooks *v.* John W. Robinson.

1. Chancery. *Practice. Surprise. Motion to remand cause to rules.*

An application to remand a chancery suit to rules to take testimony was based on the sworn statement that the applicant, after filing his answer in the case, had reason to conclude, from expressions of the complainant and his counsel, and the further fact that they did not set the cause down for hearing at a prior term, when they might have

done so, that the complainant did not expect to ask for a decree in the cause, as arrangements had been made for a settlement. *Held*, that the court did not err in refusing the application.

2. FINAL DECREE. *Sale of land. Confirmation.*
It is unnecessary for the final decree in a suit by the vendor to enforce an express lien to state that only so much of the land shall be sold as is required to satisfy the debt. That is implied in every such decree; and upon a disregard of this duty by the commissioner confirmation of the sale could be prevented.

3. SAME. *Recitals. Separate orders of reference and confirmation non-essential.*
Such a decree, which recites a reference to a commissioner to report the sum due and the confirmation of his report, is not erroneous, because of failure to enter separate orders of reference and confirmation.

4. ACCOUNT. *Notice. Motion to confirm. When unnecessary.*
In such a case, no notice by the commissioner to the parties of stating the account or motion to confirm his report is necessary, but the same course is applicable as that provided by § 1027 Code 1871, for foreclosing mortgages and deeds of trust.

5. EXCEPTIONS TO COMMISSIONER'S REPORT. *When not required.*
Objection can be made in the Supreme Court to the amount of the decree in such a case, on the ground that the commissioner, in stating the account, made a wrong computation of interest, although no exception was filed to the commissioner's report on this ground in the Chancery Court.

6. COMPUTATION OF INTEREST IN CASE OF PARTIAL PAYMENTS. *Statutory rule,* § 2282 *Code* 1871.
Partial payments are applied when their sum equals or exceeds the interest, not before. *Houston* v. *Crutcher,* 31 Miss. 51, overruled.

APPEAL from the Chancery Court of Rankin County.
Hon. W. B. PEYTON, Chancellor.

On Dec. 17, 1873, John W. Robinson filed his bill against George W. Brooks, alleging that, in December, 1866, he sold to Brooks certain described lands for $6,000; that $2,000 was paid in cash, and that the defendant gave his note for $4,000, with ten per cent interest per annum from date; and praying for an account to ascertain the balance due, and a foreclosure of the vendor's lien by sale of the land. Exhibit A to the bill, which was the note for $4,000, with the credits thereon, showed that on April 15, 1869, a payment of $1,700 was made, and on Oct. 3, 1872, another payment of $776.74.

After the filing of the bill, on Jan. 16, 1874, a credit of $400 was entered on said exhibit by the complainant's counsel, and on July 2, 1874, another credit of $750.34, proceeds eleven bales of cotton shipped to Richardson & May.

The defendant in his answer stated that the complainant and himself, on or about Dec. 16, 1873, before said bill was filed, or before the defendant knew of it, made an agreement, that if he would pay the complainant $1,000, or $400 cash and eleven bales of cotton, to be shipped to Richardson & May, in New Orleans, on the complainant's account, the time of payment of the balance of said note would be extended until the fall of 1874; that the substance of said agreement was in writing, and in the hands of the complainant's counsel; that he had complied with his part of the agreement, had paid $400 in cash, and shipped eleven bales of cotton to Richardson & May, subject to the complainant's order. The answer was filed on April 6, 1874, not sworn to.

At the October Term, 1874, the following application was filed: —

" The respondent Brooks moves the court that this cause be remanded to rules to take testimony; and shows the following for cause: that, after filing his answer in said cause, he had reason to conclude, from expressions from the complainant and his counsel, and the further fact that they did not set the cause down for hearing at the July Term of this court, when it might ·have been done, that the complainant did not expect to ask for a decree in the cause, as arrangements had been made for a settlement otherwise, particularly, not until after the expiration of the time given the respondent by the written agreement referred to in respondent's answer; and that the setting of this cause down now for hearing, and a demand now for a hearing, has taken respondent by surprise."

This application was sworn to and subscribed by George W. Brooks on Oct. 16, 1874. The application was overruled, and the defendant excepted.

The record showed no deposition of any witness, nor separate order of reference to a commissioner to compute the amount due, nor any report of the amount due, nor separate order of confirmation, nor any motion therefor. But at the

same term, on Oct. 17, 1874, was entered the following final decree : —

" This cause having been set down for final hearing on the 3d October, 1874, upon the bill of the complainant, the answer of the respondent, and the exhibits and proofs in the cause, and the same being argued and submitted this day, and the court being sufficiently advised therein, and it appearing to the satisfaction of the court that the complainant is entitled to the relief prayed for, and that the vendor's equitable lien exists, and should be enforced in behalf of the complainant, for the payment of the balance due on the respondent's promissory note in said bill mentioned, and therewith filed as Exhibit A, for the unpaid purchase-money of said lands in said bill mentioned : but the amount of said balance not being known without computation, it is hereby ordered that H. S. Cole, Esq., a commissioner of this court, compute the amount due on said notes, giving the said respondent credit for all payments indorsed on the same after as well as before the filing of this bill, by the complainant ; and the said commissioner having computed the same, and reported the balance due the complainant, after giving all credits on said note as directed, to be up to this date the sum of $3,123.15, which report is found to be correct, and in all things confirmed.   It is therefore ordered, adjudged and decreed," &c.

The decree then provides, in substance, that Robinson recover of Brooks the sum of $3,123.15, with interest and costs ; and Cole be appointed a special commissioner to sell the land, in lots of not more than one hundred and sixty acres, at auction, after publication of notice, to make deeds to the purchasers, and pay the costs and the sum due Robinson.   If there should be a surplus, the commissioner shall pay it into court, with his report of sale, at the next term ; and, if the proceeds of sale fail to pay the amount due, judgment may be entered against the respondent for the balance, on motion of the complainant.

From that decree the defendant appealed, and for error assigns : —

1. Overruling the motion to remand the cause to rules to take testimony.

2. Rendering the decree, no part of the unpaid balance, if any, being due at the institution of said suit.

3. If there were an unpaid balance due, fixing the sum at $3,123.15.

4. Directing in the decree a sale of the whole tract, and not of so much only as might be necessary to pay the amount due, with interest and costs.

5. Reciting in said decree the confirmation of H. S. Cole's report as commissioner in said cause, without notice to the respondent, and when, so far as the record shows, there was no appointment of any commissioner, or any commissioner's report.

*George W. Brooks*, the appellant, *pro se.*

1. This cause should be dismissed, because suit was brought after the appellee had entered into an obligation to extend the time of payment of the balance on the note. It was not incumbent on the appellant to prove such fact.

2. The Chancellor should have remanded the case to rules for the taking of testimony.

3. The amount decreed for the appellee is too great, and is erroneous, because interest on the note was compounded.

4. It was not necessary for the appellant to except to the commissioner's report of amount due in the court below. No report was made but that referred to in the final decree, to which the appellant did except.

*Potter & Green*, on the same side.

1. It was error to enter a final decree without an order of reference to ascertain the balance due. *Beville* v. *McIntosh*, 41 Mass. 516; *Freeman* v. *Ledbetter*, 43 Miss. 165.

2. The motion for continuance to take testimony should have been granted. Brooks had been misled, as his affidavit shows.

3. The decree directs the sale of the *whole tract* of ten hundred and eighty-five acres of land; whereas only so much thereof should be sold as will pay the amount due, with interest and costs. *Morse* v. *Clayton*, 13 S. & M. 373.

*J. B. Harris*, for the appellee.

1. The reasons assigned by the defendant in the court below were not sufficient for the court to remand the cause to rules to take testimony.

2. No notice of the appointment of the commissioner was necessary in this case. Code 1871, § 1027 ; *Kilcrease* v. *Lum*, 36 Miss. 569 ; *Knox* v. *Bank of United States*, 26 Miss. 655 ; *Cobb* v. *Duke*, 36 Miss. 60.

3. No exception having been taken to the commissioner's report in. the court below, this court will not now hear any objection thereto. *Williamson* v. *Downs*, 34 Miss. 402.

*Harris & George*, on the same side.

1. The literal meaning of the decree is not that the commissioner is ordered to sell *all* the land. He was appointed to enforce the decree for the purpose of raising the money. His powers, as mentioned in the decree, are to be construed by his duties as prescribed by law.

2. Sect. 1027 of our Code provides for a reference to a master without notice, and a report without delay, dispenses with motion to confirm, and directs the passing of final decree *as a matter of course, unless cause be shown to the contrary.*

3. If objections first made in this court prevail, it will give an impetus to litigation, by encouraging suitors, in mere matters of detail and calculation, to neglect to make objections, and to take the risk of reversing judgments and decrees, right in the main, for trivial errors which might have been corrected in the court below, if attention had been called to them. On the subject of new questions in appellate courts see *Doe* v. *Natchez Ins. Co.*, 8 S. & M. 197 ; *Commercial Bank* v. *Martin*, 9 S. & M. 613 ; *Matlock* v. *Livingston*, 9 S. & M. 489 ; *Learned* v. *Matthews*, 40 Miss. 210 ; *Barrow* v. *Burbridge*, 41 Miss. 622.

4. Sect. 2282 of the Code of 1871, on the subject of computation of interest, is substantially a copy of the act of June 28, 1822, Hutch. Code, 643, art. 7, § 57 ; and under that act the mode adopted in this case was decided to be right, by the high court. *Houston* v. *Crutcher*, 31 Miss. 51.

CAMPBELL, J., delivered the opinion of the court.

The court below did not err in refusing to remand the cause to rules. It did not err in decreeing for the complainant. It did not err in directing. a sale of the entire tract of land subject to the decree in tracts not to exceed one hundred and

sixty acres, and in not limiting the commissioner to a sale of only such parts of it as he found necessary to satisfy the decree. It was not necessary to express in the decree that only so much of the land as was found necessary to pay it should be sold by the commissioner. That is implied in every decree of the sort. The court has control of the sale until confirmed ; and, if the commissioner should disregard his duty to the court in making the sale, by selling more than he should, this would be ground for refusal to confirm the sale. At the last term, in *Dorrah* v. *Robertson*, MS. Op., we held this, and it may be considered the settled doctrine of this court. In the case of *Morse* v. *Clayton*, 13 S. & M. 373, where four distinct lots were decreed to be sold to pay a mortgage, the decree was directed to be corrected in this court, by directing a sale of only so many as were necessary. We considered this case in deciding *Dorrah* v. *Robertson*, and declined to follow its suggestion in this respect, and still approve our own conclusion.

There is no error in the decree in this case because of the failure to enter a separate order of reference to compute the sum due, or a separate order confirming the report of the commissioner. Under § 1027 of the Code it is competent, in suits for the foreclosure or satisfaction of mortgages or deeds of trust, if the court shall think the complainant entitled to a decree, to refer to a master to compute the amount due ; and he shall proceed, without delay or notice to the parties, and no motion to confirm his report is necessary. Until the case is heard by the Chancellor, he cannot conclude that the complainant is entitled to a decree ; but, hearing it, and thinking the complainant is entitled to a decree, he pauses, refers to a master for computation, and, receiving his report, a final decree is prepared, which is the written memorial of what was done. The same course is applicable to a suit to enforce a vendor's lien, or an express lien reserved in the deed of conveyance, as in this case. *Kilcrease* v. *Lum*, 36 Miss. 569.

The only remaining question is as to the amount of the decree, it being claimed that the commissioner, in stating the account between the parties, and computing the amount due, proceeded on wrong principles in calculating interest in case

of partial payments, which had been made from time to time by Brooks. We are urged to refuse to inquire into this, because no exception was made to the commissioner's report on this ground in the Chancery Court, and authorities are cited in support of the objection. We do not think this case falls within the rule which precludes an objection here, not made in the court below. It is always admissible to correct an *error in amount manifested by the record.* In *Fowler* v. *Payne*, 52 Miss. 210, at last term, we announced that it is not necessary to file exceptions to a report which is erroneous in point of law, or which violates the directions upon which it was ordered to be settled. It was said, " such report may be attacked on the motion for confirmation, or by appeal from decree of confirmation." It must be so in the nature of things. The appeal brings up the whole case, and presents the question whether the decree is right in whole or part upon the entire record. It would be monstrous to deny an appellant the right to have the decree corrected, if, upon the facts and legal principles, the decree against him is for too much, even though he made no objection in the court below. As to the suggestion that the recognition of such right will encourage resort to this court, to correct trivial errors of calculation to which attention was not called below, where the error would have been promptly corrected, we remark, that suitors should be careful not to take judgments or decrees for more than they are shown by the record to be entitled to, and they will escape all danger from the course apprehended as likely to be pursued, if we allow complaint of the amount of the decree made here for the first time.

The master computed interest on the amount of the note according to its tenor to the time of the first payment, and added the interest to the principal, and from the sum deducted the payment. On the balance thus obtained he calculated interest to the time of the next payment, and added the interest, and from the sum subtracted the next payment, and after this manner until all the payments were applied: and by this course he obtained as the result $3,123.15, which, it is claimed, is a sum too great by several hundred dollars; because it is said that, where the partial payments, severally, do not

exceed or equal the interest accrued at the time of the partial payment, the effect of making the sum obtained by adding interest to the principal and deducting the payment is to compound interest by making the part of the interest not paid to bear interest, which is claimed to be not in accordance with the statute applicable to the subject. There seem to be three modes of computing interest practised among men, viz.: That observed in this case; that which obtains among merchants generally, which is to calculate interest separately on the debits and credits from their respective dates; and to calculate interest on the sum due to the time of the first payment, and, *if the payment equals or exceeds* the accrued interest, to add the interest to the principal, and from the sum deduct the payment; but, if the payment is less than the accrued interest, to take no notice of the payment, but calculate interest on the principal to the time of a payment which, added to the payments made before, shall equal or exceed the accrued interest, and then add interest to principal, and deduct the payments from the sum, when the balance will be a new principal to bear interest, to be proceeded with as before.

The one rule compounds interest; the others do not. The *compounding* plan of computation was adopted by the commissioner, and sanctioned by the decree in this case. The question is, What is the statutory rule in this State for the computation of interest where partial payments are made, some or all of which, severally, are less in amount than the interest accrued at the time they are severally made? In this case, some of the payments were less in amount than the interest accrued at their respective dates. The statute is, " When partial payments are made, . . . the interest that has accrued up to the time of such payment shall be first credited, and the residue of such partial payment shall be placed to the payment of the principal" (Code of 1871, § 2282); and this is copied from the act of 1857, which is in the very words of the statute in Hutchinson's Code, substituting " residue " for " balance. " Code of 1857, p. 370, art. 4; Hutch. Code, p. 643, art. 7, § 57.

In *Houston* v. *Crutcher*, 31 Miss. 51, an instruction by the

Circuit Court to the jury, that " the proper mode of computing interest, when there are credits as partial payments, is to add interest to the time of the first payment, to deduct the payment then made, to add interest on the balance to the time of the second payment, and deduct the same, and so on from payment to payment," was held to be correct in its statement of the rule for the computation of interest in cases of partial payments, as intended by the statute.   Hutch. Code, p. 643, art. 7, § 57.   It does not appear from the report of this case whether the partial payments equalled or fell short of the interest accrued when they were made.   The learned judge, delivering the opinion of the court, does not advert to any such distinction, nor analyze the statute, nor criticise its phraseology, but rests the opinion upon *Bond* v. *Jones*, 8 S. & M. 368, as understood by the court, and upon what was said to be a " very uniform course of practice in our courts and by general understanding among the people."   If it was the understanding of the court in deciding *Houston* v. *Crutcher*, cited above, that the same rule is to be applied in case of partial payments which are less in amount than the interest accrued when they are made, we dissent from it, and as to that overrule it.   The case of *Bond* v. *Jones* was certainly misunderstood, if it was supposed to announce the doctrine that the statute applies where the partial payments are less than the accrued interest.   In that case, the partial payments exceeded the interest.   The Chancery Court, in directing the mode of stating the interest in taking the account, applied the commercial rule of calculating interest on debits and credits separately from their dates; and this mode was held incorrect, as not in conformity to the statute ; and this decision gives no countenance to the idea that the statute applies to partial payments less in amount than the interest.

The language of the statute leaves no room for doubt as to the state of case to which it applies.   " And the *residue* of such partial payment shall be placed to the payment of the principal."   There cannot be a " *residue*," if the payment does not exceed the interest.   Therefore, we declare the rule to be that partial payments less than the accrued interest are not to be applied first to the payment of interest until the sum of

such payments shall equal or exceed the interest accrued, when the application directed by the statute shall be made.

Chancellor Kent, in *Connecticut* v. *Jackson*, 1 Johns. Ch. 13, 17, declared that "the rule for casting interest when partial payments have been made, is to apply the payment, in the first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal; but interest continues on the former principal until the period when the payments, taken together, exceed the interest due, and then the surplus is to be applied towards discharging the principal; and interest is to be computed on the balance of principal as aforesaid." We understand that the object of our statute, when first adopted, was to adopt the rule announced by Chancellor Kent. It employs fit language to do this, and such is its effect. *McFadden* v. *Fortier*, 20 Ill. 509.

*Decree reversed, and a decree entered here.*