## A. BARNETT *v.* MASON WEDGEWORTH et al.

**Tenant — Purchase of Tax Title — Estoppel.**

A tenant in possession of land owned by minor heirs is estopped from purchasing same when sold for taxes, such a purchase being held to enure to the benefit of the heirs.[1]

**Accounting — Set-Off — Mesne Profits.**

An owner in an action brought for reclamation of land cannot be deprived of the right to invoke sums due for mesne profits, in a final accounting before a commissioner.[2]

**Pleadings — Errors in, Corrected.**

Where the face of the pleadings shows errors in computation, such errors will be corrected by the appellate court, though no exceptions were taken thereto in the court below.[3]

**Taxes — Proof of Payment.**

In a final accounting before a commissioner, taxes paid by a defendant upon land held by him as tenant will not be allowed, in the absence of proof that such taxes were actually paid, the mere fact of the assessment of such taxes being not sufficient.[4]

---

[1]

A tenant having entered and remained in possession cannot set up as against the landlord's demand for rent an adverse title in his wife. Love *v.* Law, 57 Miss. 596.

A tenant cannot dispute that the landlord's title was good when he entered; yet he may show that it afterward vested in another, and his attornment to such other is good. Rhyne *v.* Guevara, 67 Miss. 139.

This is a suit in the Chancery Court of Sunflower county for redemption of land by heirs of James Wedgeworth, who died intestate in the year 1866. The tract of land in controversy was sold to the State in 1867 for taxes, and in 1868 defendant leased said land for a term of fifteen years from the attorney of James Wedgeworth and went into possession of same. Plaintiffs charged that said lease was void in that it had never been acknowledged, which was admitted in the answer of defendant. In 1870 H. S. Allen bought the land from the State, paying $5.02, the amount of taxes for which the land was sold, and on March 6, 1871, defendant purchased of H. S. Allen the said land, paying therefor $5. Plaintiffs were the only heirs-at-law of said James Wedgeworth, and were both minors at the time of the sale of the land to the State, and Mason Wedgeworth only became of age in 1881, at which time Jane Wedgeworth was still a minor. They filed this bill for a reclamation of property, and a just accounting between parties, and on the hearing thereof the bill was sustained, and a commission appointed to state an account. Defendant claimed a credit for taxes paid upon the land while he was in possession, which was

Although a tenant cannot set up a claim to the leased land adverse to the title of the possessor, and having entered for a term of years, cannot make his possession adverse to that of the lessor, yet, when he claims under an absolute deed for the term, and the question is as to his right to hold under this deed, he may rely on the Statute of Limitations. Brown *v.* Issaquena Co., 54 Miss. 230. (Benson *v.* Stewart, 30 Miss. 49, distinguished.)

Hence, where an attempt is to oust a tenant upon the allegation that he never had a lease, and the question is as to whether such a lease ever existed, he may rely upon his possession, not as adverse to his landlord's title in fee, but really in subordination to this, however adverse to the landlord's claim to immediate possession. Brown *v.* Issaquena Co., 54 Miss. 230; Jones *v.* Madison County, 72 Miss. 777, 18 So. 87.

A tenant of land may during his tenancy acquire a title adverse to that of his landlord, and after expiration of his term and surrender of possession may recover upon it. Rives *v.* Nesmith, 64 Miss. 807, 2 So. 174.

Adverse possession on the part of a tenant begins to run from the time when the landlord has notice of his adverse claim, and it is unnecessary that the tenant first vacate the premises. Greenwood *v.* Moore, 30 So. 609.

One who enters on land as the tenant of a grantee of a dower interest, and agrees to redeem the lands from a prior tax sale to the State, cannot acquire title by purchase from the State, but such purchase becomes a redemption in favor of his landlord. Lyebrook *v.* Hall, 73 Miss. 509, 19 So. 348.

A tenant coming into possession of land subsequent to its sale for taxes is not precluded from buying the paramount title from the State. Walker *v.* Harrison, 75 Miss. 665, 23 So. 392.

disallowed by the chancellor on final decree. From which this appeal was prosecuted.

APPEALED from Chancery Court, Sunflower county, W. G. PHELPS, Chancellor.

Affirmed, set aside and revised, and decree here, November 18, 1884.

*Attorneys for appellant, Nugent & McWillie.*

*Attorneys for appellee, Calhoon & Green.*

Brief of Nugent & McWillie:

\* \* \*. It was improper to charge the defendant with rents either for the purpose of thereby effecting a redemption or awarding the complainant a recovery over for the balance in his favor. The right of the complainants to redeem was derived exclusively from the statute, and could be asserted only in the mode and under the condition prescribed by the statute. The statute re-

A tenant in possession of land cannot buy at a tax sale, so as to obtain title as against his landlord. Walker *v.* Harrison, 75 Miss. 665, 23 So. 392.

2

Chancery has jurisdiction, at the suit of one who is *non compos mentis*, to recover from a disseizor rents and profits of land. Robinson *v.* Burritt, 66 Miss. 356, 6 So. 206.

Infant owners of land by legal or equitable title may, in chancery, charge as trustee one who has received rents and profits of their lands. Johns *v.* Williams, 66 Miss. 350, 6 So. 207; Wathen *v.* Glass, 54 Miss. 382.

Where the real owner of land seeks to recover same from one lawfully in possession, though under a defective title, he will be required to pay for permanent improvements made by the possessor in good faith with a belief of title in himself. In a proper case, the person making the improvements may resort to equity as complainant and obtain a decree for the value of the improvements. Hughes *v.* Stallings, 52 Miss. 375.

The commissioner also should ascertain and report the value of all permanent improvements as they exist at the time of stating the account, but the rent should not be increased on account of the same. Staton *v.* Bryant, 55 Miss. 261.

The accounting in this case between the complainants and the defendant in possession, as to rents, improvements, taxes, etc., examined, and on all proofs the result is not disturbed. (Staton *v.* Bryant, 55 Miss. 261, distinguished.) Massey *v.* Womble, 69 Miss. 347, 11 So. 188.

quires that the owner shall "pay" the taxes, damages, and value of permanent improvements, and we can make no exception to this provision, disadvantageous to the purchaser, whether he had realized rent from the land or not. The proceeding is not a suit for the rent, and if not the view most favorable for appellees, it is treated as a proceeding to redeem, the conditions of the statute authorizing a redemption must be complied with. Code 1857, p. 81; Cooley on Taxation, 364; Craig *v.* Flanagan, 21 Ark. 319; Hilliard on Tax Titles, 433.

Rents and profits received by the tax purchaser cannot be applied by way of equitable redemption. Spengin *v.* Torry, 37 Iowa, 242.

In the case at bar the land was held by the State for unpaid taxes at the time of defendant's entry. And it was the State's title there held that he acquired by purchase from Allen some two years afterward. The deed from the State to Allen of May 31, 1870, and Allen's deed to him made some months later were both regularly recorded. The lease of August, 1868, is alleged to be void, and the records show that no rent was paid by appellant, and that he was claiming under an adverse title outstanding at the time of entry, and which he had acquired by purchase and caused to be spread on the public records.

Where, to ascertain the amount due on a mortgage to which a fraudulent vendee of the land is substituted, an account is taken, he should not be charged with increased rent by reason of improvements made by him and for which compensation is denied. Phillips *v.* Chamberlain, 61 Miss. 740.

While an administrator and his confederate, who hold under a collusive and fraudulent sale made by the former, cannot be allowed for improvements put on the land, they should not be charged with increased rents because of such improvements. They are entitled to credit for taxes paid, although irregularly assessed and levied. Sivley *v.* Summers, 57 Miss. 712.

Assumpsit for the use and occupation, where land is held adversely, is not maintainable; trespass for mesne profits is the proper remedy. Dean *v.* Tucker, 58 Miss. 487.

Six years is the period fixed by the Statute of Limitations within which to bring an action for mesne profits on land held adversely. Dean *v.* Tucker, 58 Miss. 487; Lindenmyer *v.* Gunst, 70 Miss. 693, 13 So. 252.

In an action for the recovery of mesne profits where land is held adversely, plaintiff's recovery extends to the time of the trial. Dean *v.* Tucker, 58 Miss. 487.

If a tenant from year to year, upon the death of the landlord, assert title in himself, and refuses to surrender at the end of the year, or to longer pay rent, the heirs who recover in ejectment are entitled to charge him thereafter

The prayer of the bill is for the cancellation of his title so acquired. The first decree does not direct cancellation, but declares appellees entitled to redeem and refers to a commissioner the statement of amount necessary to be paid in order to effect redemption. The decree directs the commissioner to report as to the taxes and improvements and as to amount of profits and rents *received by appellant* from and on account of the property. The land is only thirty-four acres in area, *and there is nothing in the record to show that he ever received any rent from it.* The commissioner does not report what was received as directed by the decree, but files the rent, as before stated, with reference to the void lease for fifteen years and after that at what he estimates as the rental value. The report, notwithstanding it, did not follow the decree and, notwithstanding the manifest errors before indicated in calculation of rents, was confirmed by the court, and the several deeds, before mentioned, declared void and a writ of habere facias possessionem awarded.

At the time the bill was filed the fifteen years from date of lease had not expired, and the lease was alleged to be void, yet on a bill to remove cloud on title the several deeds were canceled, and writ of habere facias possessionem awarded, and in connection with the declaration of complainant's right to redeem, the defend-

---

with the reasonable rental value, regardless of the former contract price. Thomas *v.* Thomas, 69 Miss. 564, 13 So. 666.

### 3

But exceptions to a report which is erroneous in point of law, or which violates the directions upon which it is ordered, are unnecessary. Such a report may be attacked for the first time, on motion for confirmation, or on appeal. Fowler *v.* Payne, 52 Miss. 210.

Where, in stating an account, the commissioner has made a wrong computation of interest, objection can be made in the Supreme Court as to the amount required to be paid by the decree, though no exceptions were filed in the court below. Brooks *v.* Robinson, 54 Miss. 272.

### 4

The receipt prescribed by the statute is the only competent evidence to prove payment of taxes; but if such receipt be obtained and it be lost or incapable of production, proof to supply it may be made. Edmondson *v.* Ingram, 68 Miss. 32, 8 So. 257.

This section was never meant to exclude parol evidence to show the land actually paid on where the same was inaccurately described in a statutory receipt; it simply means that the prescribed receipt is the only valid one in favor of the tax collector, on his settlements. (Edmondson *v.* Ingram, 68 Miss. 32, overruled.) Perret *v.* Borries, 78 Miss. 934, 30 So. 59.

ant was made chargeable with rents during his occupancy. If the defendant was still tenant to complainants, they could not maintain their bill; certainly the writ of assistance ought not to have been granted them. If he was not tenant, they were not entitled to rents. He could not well be both tenant and trespasser, so as to warrant the decree. But not only is the decree erroneous in the manner in which it provides for redemption, but it is erroneous in granting the right to redeem on any terms. The statute (Rev. Code 1857, page 81) provides how persons under disability may effect a redemption of lands sold for taxes on attaining their majority, or previous thereto, and no special reason being shown for a departure from that mode and the equitable interposition of the court, we feel justified in assuming that the court below was without authority to decree a redemption by the appellees. The bill alleges that appellees had offered to pay the amount allowed appellant by law for taxes, damages, and permanent improvements *after deducting* the amount of rents and profits received by him. Payment to the clerk is what was required by the statute, and this they could certainly have made without reference to the wishes of appellant. Not only was the payment not made, but the tender even was not effectual, for they did not make a tender of the full amount required by the statute. They could not impose a condition not authorized by the statute, or reduce on account of the supposed rents, or any other account, the full amount of taxes, damages, and improvements. *No inability to pay is alleged or shown,* and no feature of a special contract between the parties is indicated, to bring this case within the class where the interposition of a court of equity has been sanctioned.

It has been held generally that redemption cannot be had in equity. Mitchell *v.* Green, 10 Metc. 101.

We submit therefore: (1) That the court below could not decree a redemption on the case made, and if mistaken in this, then (2) that its decree charging appellant with rents was erroneous, and, if still mistaken, we insist (3) that it was error to confirm the grossly erroneous report of those rents.

Brief of Calhoon & Green:

1. A tenant cannot dispute his landlord's title, even though the lease be void. Heath *v.* Williams, 25 Me. 209; King *v.* Murray, 6 Ired. (N. C.) 62; Byrne *v.* Beeson, 1 Doug. (Mich.) 179.

2. A tenant cannot buy in and claim under a supervening tax title against his landlord. Such purchase inures to his landlord. It was his business to pay the taxes under his lease, for it provided for ultimate sale to him, in fact, if valid, *was* a conditional sale *in futuro*.

3. The act of the court complained of, in remanding to rules, was, if an error, quite immaterial and of no hurt to Barnett. It simply postponed the evil hour, as the case then stood, and without remanding, complainants were entitled to a decree in their favor.

All these principles are too familiar to require citation of authority to support them, and, if they were *res nova,* they are too plainly right to need bolstering by argumentation.

4. The demurrer was to the whole bill, and, in any case, there should be affirmance of the decree as to the cancellation. The bill is not to remove clouds only. It must be noted that the law required complainant to tender the amount of taxes paid. Here it was folly to do so, for the defendant owed them for rent or for the reasonable value of the use and occupancy of the land, and so the bill avers, not a tender of money but an offer to account by crediting the taxes on the claim for use and occupation or rent, and a refusal of the offer by defendant. Hence an account was necessary, and the court thus drew to itself full jurisdiction to determine everything under the prayer for general relief, properly took the account, which defendant never excepted to, annulled the pretended tax title, made void any claim of tenancy, and restored the land.

OPINION.— CHALMERS, J., delivered the opinion of the court:

Complainants (appellees) had restitution of their land, upon satisfactory proof made that it was bought for taxes by the defendant at a time when he was disabled to buy a tax title thereto, he being, at the time, in possession as the tenant of their father, now dead, whose property it then was. They did not pay, nor offer to pay, in money the amount of taxes paid out and damages thereon; but asked that an account be taken and that the amount found due defendant for these things should be set off against the large sum due themselves by him for mesne profits. The account was taken by a master and he was found largely indebted to them for rents and profits of the land while in his possession, which account was confirmed by the chancellor. The one was adjudged and decreed

to be an offset against the other. It is insisted, upon appeal, that sums due for mesne profits cannot be invoked as an offset against sums expended in paying taxes, but that these latter must always be paid in money, even though the defendant may owe a much larger sum for rents.

No authority is found for this position, but even if true, it would not affect this case. If defendant was a tenant in possession of the land, he was disabled to buy, and his purchase inured to them. His pretended purchase was in law theirs, so they have always been the lawful owner. Surely an owner can always reclaim his own by accounting at the final decree for anything that is a lawful charge upon it, and cannot be deprived of the right of offset, even in redemption proceedings when, as here, the debt due him is the direct product of the land in controversy. This, however, is not solely an application to redeem, but a reclamation of their own by complainants, upon which equity will fasten a lien for all proper charges. The bill could be maintained regardless of the statutes in reference to a repayment of all taxes expended in the acquisition of the land. These taxes defendant actually got so far as proved, and it was not incumbent upon complainants to pay them or offer to refund them in their original bill.

We cannot notice errors assigned with reference to alleged mistakes in stating the accounts, since no exceptions were filed to the report of the commissioners in the lower court.

## ON SUGGESTION OF ERROR.

OPINION.— CHALMERS, J., delivered the opinion of the court:

This case stands on suggestion of error. In our former opinion we held that no notice could be taken here of alleged errors in the commissioners' report because no exceptions had been filed thereto in the court below.

We failed to note that the errors in computation were shown by the face of the pleadings, and that, therefore, no exceptions were necessary in the court below. The errors are to be corrected here. Brooks *v.* Robinson, 54 Miss. 279.

Appellant should have been credited by $150 more than he was. He is not entitled to any credit for any taxes paid by him during the time he held the land. The bare fact that such taxes were assessed is not enough, unless he has shown that in fact he paid

them, which he has not done, though duly cited to appear before the commissioners.

The decree will be corrected by increasing the amount of his credit by the sum of $150, and, as thus amended, will stand *affirmed.*

Let the cost be divided.