KIMBROUGH ET AL. *v.* CARTER ET AL.

[92 South. 229.   No. 22029.]

1. INTEREST. *Rule for computing partial payments stated.*
    The rule for computing interest where partial payments are made is to compute interest on the principal debt to the date of the first payment, where this equals or exceeds the interest due, then deduct the payment from the aggregate of principal and interest, and repeat the process as to successive payments. Where the payment does not equal or exceed the amount of interest due at the time when it is made, interest on the first principal should be computed until such time as the aggregate partial payments made equal or exceed the amount of interest due when the payment was made which, with prior payments, equals or exceeds the accrued interest, and such aggregate should then be deducted from the sum of the original principal and accrued interest; the balance constituting a new principal.

2. INTEREST. *Held that decree should be for actual amount found by master, including interest to date of decree.*
    129 Miss.—22.

Where the report of a master appointed to state an account contains an error in the computation of interest because of which the decree rendered is for an amount different from that reported by him to be due, the decree rendered should be, not for the amount which the master should have reported to be due, with interest thereon from the date of the report, but for the actual amount due, including interest to the date of the decree.

3. BANKS AND BANKING. *Where bank's receivers are also directors and are sued for benefit of bank, special receiver should be appointed.*

Where the creditors and stockholders of a bank are permitted to recover from the directors money of the bank lost because of the negligence of the directors, the recovery is for the bank for the benefit of all of its creditors and stockholders, and where the bank is in the hands of receivers who were also directors of the bank against whom the recovery is sought, a special receiver should be appointed to collect and distribute the money to be recovered for the bank from its directors.

APPEAL from chancery court of Lafayette county.
HON. JAS. G. McGOWEN, Chancellor.

Suit by R. C. Carter and others against Duke M. Kimbrough and others, and from the decree therein the defendants appeal and the complainants cross-appeal. Reversed, and decree rendered.

*Wilson & Armstrong, H. H. Creekmore* and *J. W. T. Falkner,* for appellant.

*C. L. Bates* and *L. C. Andrews,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is a suit in equity in which a number of creditors and stockholders of the Merchants' & Farmers' Bank of Oxford, Miss., seek to recover from the directors of the bank money alleged to have been loaned and lost by the bank because of the negligence of its directors. Two of the directors were also receivers of the bank, the affairs of which were in liquidation when the original bill herein

was filed. The case was here on appeal once before as *Carter et al.* v. *Kimbrough et al.,* 122 Miss. 543, 84 So. 251. The court below, after finding that money of the bank had been lost through the negligence of its directors, submitted the cause to a master to state an account thereof, and on the coming in of his report rendered a decree against the directors for a portion of the amount reported by the master as having been lost to the bank because of their negligence. A receiver was appointed to collect the judgment rendered, and with instructions to ascertain the names of all of the bank's creditors and stockholders, both those who joined in the bill filed herein as complainants and those who did not, and report them to the court for further direction as to the distribution of the money collected by him herein. From this decree the defendants in the court below prosecuted a direct and the complainants a cross appeal.

The master's report sets forth a liability of the directors for money loaned to Bogard & Harkins through a series of years amounting, at the date of his report, including interest, to nineteen thousand seven hundred eighty-one dollars and fifteen cents, and a liability for money loaned to Bishop & Stahl through a series of years, amounting, at the date of his report, including interest, to twenty-two thousand seven hundred seventy-four dollars and two cents. On final hearing the directors were adjudged not liable on the Bishop & Stahl indebtedness, but a decree was rendered against them on the indebtedness of Bogard & Harkins, and we cannot say from the evidence that the court below erred in so holding, except that there is an error in the amount of interest allowed on the Bogard & Harkins debt. Various sums were collected on this debt by the regular receivers of the bank, and in stating the amount the master computed the interest on the debt to the date of a collection, deducted the amount of the collection from the aggregate of the principal and interest, and brought the balance down as a new principal; repeating this process for each successive collection. This was

the correct method when the amount collected exceeded the interest then due, but when the last collection was made the interest then due was greatly in excess of the amount collected, and in order to prevent the awarding of usury the rule is that:

"Where the payment does not equal or exceed the amount of interest due at the time when it is made, interest on the first principal should be computed until such time as the aggregate partial payments made equal or exceed the amount of interest due when the payment was made which, with prior payments, equals or exceeds the accrued interest, and such aggregate should then be deducted from the sum of the original principal and accrued interest, the balance constituting a new principal." 16 A. & E. Ency. L. (2d Ed.) p. 1036; *Brooks* v. *Robinson,* 54 Miss. 272; Code of 1906, section 2681; Hemingway's Code, section 2079.

This error is admitted by counsel for the appellee, and the true amount of the debt on the date of the master's report is correctly admitted by them to have been nineteen thousand five hundred fifty-four dollars and forty-three cents instead of nineteen thousand seven hundred eighty-one dollars and fifteen cents, as reported by the master.

The decree of the court below will be set aside, the amount reported by the master to be due will be disregarded because of the error therein, and a decree will be rendered here as rendered in the court below except that the recovery awarded will be the amount of the principal and interest on the date the decree was rendered. As this decree is the one that should have been rendered by the court below, it will bear interest from the date of the decree that was rendered by that court. The contention of counsel for appellee that the decree should be for the amount which the master should have reported, with 6 per cent. interest thereon from the date of his report, is without merit. It may be where a master's report computing the principal and interest is confirmed, interest should be allowed thereon from the date of the report to

the rendition of the decree, as to which we express no opinion, but the report here in question cannot be confirmed because of the error therein, and the recovery awarded must be for a sum other than that reported.

One of the contentions of counsel for the appellant is that the decree awards a recovery to the appellees, and that the recovery should have been awarded to the bank. The recovery is awarded, not to the appellees, but to a special master; and, since the bank is no longer a going concern, and the regular receivers thereof are among those against whom the decree herein was rendered, the appointment of a special receiver to collect and distribute the money was proper.

The complaint of the appellees that the creditors and stockholders of the bank who did not join as parties complainant in the bill filed herein should not be permitted to share in the money to be recovered is without merit, for the reason that the money recovered is due the bank, and not the appellees individually, and while they have the right not here challenged to maintain the suit, the recovery is not for their benefit, but for that of the bank, all of the stockholders and creditors of which being entitled to share therein proportionately. *Ellis* v. *Mercantile Co.,* 103 Miss. 560, 60 So. 649, 43 L. R. A. (N. S.) 982, Ann. Cas. 1915B, 526; *Ventress* v. *Wallace,* 111 Miss. 357, 71 So. 636, L. R. A. 1917A, 971; *Wallace* v. *Lincoln County Savings Bank,* 89 Tenn. 634, 15 S. W. 448, 24 Am. St. Rep. 625; 3 Pomeroy's Equity Jurisprudence, section 1098; 4 Thompson on Corporations, section 4561.

The costs in the court below, other than that incurred on account of the bill of revivor and supplement which was properly taxed against the appellees, should have been apportioned equally between the appellants and the appellees, and the decree to be entered here will so direct, and the costs in this court will also be so apportioned.

*Reversed and decree here.*