JOHN B. HOWCOTT et al. *vs.* ANN ELIZA COLLINS et al.

In a suit brought against A. and B., as executors of the last will and testament of C., a decree rendered in these words, that " Complainants recover from A. and B., executors of the last will and testament of C. deceased," *held* to be no error, and that it is a decree against A. and B., in their representative and not in their individual capacity; and that, under such decree, no execution can issue against them in their individual capacity.

When a decree is rendered for rent due and in arrear, it is a question within the discretion of the chancellor, to be determined by the circumstances of the case, whether interest will be allowed upon the amount so found due for rent.

Where A., being administrator of X., procures an order from the probate court, for the sale of certain lands of his intestate, and at the sale bids them off for himself in the name of B., and afterwards procures B. to make a conveyance of them to the wife of C., B. and C. being cognisant of the transaction, a decree against A., B. and C. and wife for the rent of said lands, would be error. The decree should be against A., B. and C., and not against the wife of C., in the absence of proof of her actual participation in the fraud, and the deed being made to her, is not proof of that fact. The separate property of the wife is liable for the fraudulent acts of the husband, in which she may have participated.

ON appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

*H. A. H. Lawson*, for appellants.

1. The decree is wrong both in form and substance. It decrees that said Richards and Coulter, executors, &c., pay, without directing out of what fund they shall pay.

This decree as it stands is against them personally, and the words executors, &c., are only descriptive. See *Hite's Executors* v. *Paul's Heirs*, 2 Munf. 154.

For the form of a decree against an executor or administrator, see 3 Hoff. Chan. Prac., No. 203 of Forms.

2. The interlocutory decree directs, that the commissioner shall ascertain the yearly value of the rent, and compute inter-

est on each year's rent up to the time of making the report. The report was made, allowing interest in conformity with this decree.. Was interest allowable? The authorities appear to hold that it was not. *Skipwith* v. *Clinch Executor, &c.*, 2 Call, 213; *Cooke* v. *Wise*, and *Newton* v. *Wilson*, 3 Hen. & Munf. 483.

*Baird* v. *Bland et al.*, 5 Munf. 492, decides that interest is not recoverable on the yearly value of a slave kept by defendant in his own possession.

In *Eustace* v. *Gaskin's Executors, &c.*, 1 Wash. Rep. 188 it is decided that the value and profits of land being in the nature of damages, ought to be ascertained by a jury and not by commissioners in chancery; if so, then the decree is erroneous in directing the commissioner to ascertain it.

3. Joseph Collins in his lifetime, and his executors after his death, are not responsible for the rents and profits while Howcott and wife were in possession.

When Joseph Collins entered upon the land he was a trespasser, and as such liable for the time he continued in possession; but his possession ceased the moment Howcott and wife took possession, which was on the first of January, 1844, and they became trespassers.

Each trespasser being in equity treated as a trustee, must be liable only for the time his trespasses continued, or whilst he received the rents and profits.

4. The decree should not have been against Elizabeth W. Howcott, wife of John B. Howcott, jointly with the other defendants, for the rent during the time her husband occupied the premises. · If otherwise, then she can be deprived of her separate property in a different manner than the one prescribed by the statute; by the decree, her property may be sold, when the statute only permits the income of the separate property of a married woman to be sold for certain contracts which she is authorized to make jointly with her husband. Entering upon the lands of complainants is certainly not such a contract. *Davis* v. *Foy*, 7 S. & M. 64; *Frost* v. *Doyle*, Ib. 68; *Berry* v. *Bland*, Ib. 77.

Even if the land had belonged to the wife, the rent was the

property of her husband before the law of 1846. *Grand Gulf Bank* v. *Barnes*, 2 S. & M. 165; *Beatty* v. *Smith*, Ib. 567; *Baynton* v. *Finnall*, 4 Ib. 193.

*Samuel Scott*, for appellees.

The decree is not wrong in form and substance as alleged. The point is settled by the decisions in this state against the position contended for. *Neeley* v. *Planters Bank*, 4 S. & M. 113.

The cases of *Skipwith* v. *Clinch*, 2 Call, Rep. 216, and *Cooke* v. *Wise*, and *Newton* v. *Wilson*, 3 Hen. & Munf. 483, cited by counsel, only show that it is discretionary with the chancellor, or with a jury in a common law case to allow interest on rent or not.

Interest was allowed in the case of *Graham* v. *Woodson*, 2 Call, Rep. 209. This case is cited and approved in the cases of *Cooke* v. *Wise*, and *Newton* v. *Wilson*, 3 Hen. & Munf.; cited by appellants' counsel.

By the statute of this state, interest is payable on all contracts, debts and demands. See Hutch. Code.

By an examination of the decisions of this state, it will also be seen, that it is the practice of the courts to allow interest on contracts, and sums due. See Smedes' Digest, title Interest; *Martin* v. *Martin*, 1 S. & M. 176.

The third point made by appellant's counsel is equally untenable. The case of *Hite's Executors* v. *Paul's Heirs*, 2 Munf. 154, cited by the opposite counsel, sustains the position. In that case, the decree was rendered against all the defendants for the rents and profits, as well those in possession of the land as those who were not.

This very case was decided by the supreme court of Virginia twice, and this point was raised and discussed by counsel. *Yancey* v. *Hopkins*, 1 Munf. Rep. 425, cited by counsel, also sustains this position.

On this point, see also *Michoud* v. *Girod*, 4 How. U. S. Rep. 503; 1 Madd. Chan. 287, 323, and *McLeod* v. *Drummond*, 17 Ves. 167.

In the case of *Yancey* v. *Hopkins*, 1 Munf. Rep. 425, on the

authority of which the cases referred to by counsel on the opposite side were divided, it was decreed, that " The defendants resign to plaintiff the possession of the land, and pay to him the profits thereof, of which profits one of the commissioners be directed to examine, state, settle, and to the court report an account." Ib. p. 425, 426.

The fourth and last point of appellants is also untenable, and Mrs. Howcott is liable for the rents and profits while she was in possession.

The general rule of the common law is, that a married woman is to her separate property a *feme sole*. Clancey on Woman, 331, 347; *Frost* v. *Doyle*, 7 S. & M. 75; *Doty* v. *Mitchell*, 9 Ib. 435.

As to the liability of Mrs. Howcott, see further Clancey on Woman, 358; *Moore* v. *Chambers*, 11 S. & M. 408; *Doty* v. *Mitchell*, 9 Ib. 445; Hutch. Code, 497, sec. 5; *Berry* v. *Bland*, 7 S. & M. 84; and see 1 Black. Com. on Husband & Wife.

Mr. Chief Justice SMITH delivered the opinion of the court.

This suit was commenced in the superior court of chancery. The bill states that Thomas Collins, who died intestate, was seized and possessed of considerable real estate, which descended to complainants, as his heirs at law. It also states that the appellants, Howcott and wife, intruded upon and took possession of a certain part thereof, which is particularly described, and hold possession of the same, against the consent of complainants claiming title by virtue of a sale alleged to have been made by Joseph Collins. The bill further charges, that the land in question was sold by said Joseph Collins, as the administrator of the decedent, pursuant to an order of the probate court of Madison county, which had been fraudulently procured by him. That at the sale, the appellant, Joseph C. Richards, by the procurement of Collins, bid off the land, and received from him a conveyance therefor. That the purchase was made for Collins, who, in a short time afterwards, sold the land at private sale to Howcott and wife, for a price nearly double that which it brought at the administration sale; and that Richards, at the request of Collins, conveyed to Mrs.

34*

Howcott. The bill further charges, that Collins retains the profit made by the sale to Mrs. Howcott, who, with her husband, was cognisant of these facts. Howcott and wife retained possession of the land. Rent was demanded of them, and is claimed in the bill against Collins, before the sale made to Mrs. Howcott, and of Howcott and wife after they went into possession.

Collins answered: He denied the fraud, but admitted that he bid off the land himself, and made the title to Richards, who, at his request, conveyed to Mrs. Howcott. He also admitted that he sold the land for double the amount which he bid for it at the sale; but avers that the sale was fairly made, and that he became a bidder for the land, to make it bring as high a price as possible.

Howcott and wife answer, and admit that the contract for the purchase of the land was made with Collins, and that Richards made the conveyance to Mrs. Howcott. They deny all knowledge of or participation in the fraud charged by the bill.

The defendant, Joseph Collins having died, the suit was revived against his executors, Henry Coulter and James Richards, who were made parties to the bill.

A final decree was rendered against all of the defendants, by which the deeds from Collins to Richards, and from Richards to Howcott and wife, were set aside, and by which they were ordered to pay to complainants the value of the rents of said land, with interest upon the amounts yearly due therefor, from the time at which Howcott and wife took possession of the same. From this decree an appeal was taken.

Several objections are urged to the validity of the decree. We shall notice them in the order in which they are presented. First, it is insisted that the decree is erroneous in this, that the defendants, Henry Coulter and James Richards, are personally charged with the payment of the rent, and not in their representative characters, as they should have been.

We do not perceive that the error complained of exists in point of fact. The decree directs that, " Complainants recover, &c., from Henry Coulter and James Richards, executors

of the last will and testament of the said Joseph Collins, deceased," &c.

It is very manifest, that upon this decree no execution could legally issue, to be levied upon the individual effects of defendants; but only on those which they held as executors of the testator. They were before the court in no other capacity. In our view, this decree can only be regarded as having been rendered against them in their representative character. The case of *Neeley* v. *Planters Bank*, 4 S. & M. 113, is directly in point.

The next objection is, that interest upon the annual value or yearly rent of the premises, as reported by the commissioner, was allowed by the decree.

The decisions upon the question, Whether interest should be allowed upon rents due and unpaid, are not uniform. In the state of Kentucky, interest is not allowed on rent in arrear, unless the rent has been secured by a specialty. *Breckenridge* v. *Brooks*, 2 A. K. Mar. R. 341. In South Carolina, a similar rule has been adopted. In Pennsylvania, rent carries interest, unless, from the conduct of the landlord, it may be inferred that he meant not to insist upon it. *Obermyer* v. *Nicholls*, 6 Binney, 164. In the state of Maryland, interest on rent is recoverable in a suit in equity. 6 Harris & John. 529; Fonbl. Eq. B. 5, ch. 1, sec. 2, note.

In Virginia, the general rule appears to be, that interest on rents is not demandable as a matter of strict legal right. The principal reason assigned is, that the landlord has an efficacious and summary remedy by distress. Upon this ground chiefly, the decisions in *Skipwith* v. *Clinch*, 2 Call, R. 213, and *Cooke* v. *Wise*, 3 Hen. & Munf. 483, were predicated. In the former case, where the rents for twenty years appeared to be due, the court say, " The complainants was not entitled to interest on the rents, because it was certain he might have distrained, and therefore should not have lain by and suffered the interest to accumulate."

But while the courts in Virginia maintain, as a general rule, that interest on rent in arrear is not recoverable as a matter of course, it is conceded that circumstances may exist which will

take a case out of this rule, and entitle a party suing for rent and to recover interest. 3 Hen. & Munf. R. 499.

In the case of *Graham* v. *Woodson*, 2 Call, 209, which was a suit in equity for the recovery of rent, interest was allowed, and the judges say that " it was discretionary in the court to allow it or not."

No regulation of the statute, in regard to the allowance of interest, applies directly to the subject under consideration. Nor are we aware of any decision by this court, by which it has been holden, that a party who sues for the recovery of arrearages of rent is entitled, as a matter of course, to interest on the sum found to be due.

It is however understood to be the general practice, to allow interest upon open accounts, when by the usual course of dealing, or by express agreement, a certain time is fixed for payment; and generally in all cases where there has been an unjust detention of the money of another against his will. In these cases, the interest allowed by the jury is regarded as a compensation for the damages sustained by the plaintiff in consequence of the breach of his contract by the defendant. But the allowance is not made as a matter of strict legal right, as in the cases expressly provided for by the statute.

We perceive no sufficient reason why a similar rule, in like cases, should not be adopted in equity, subject however to the discretion of the chancellor, to allow or disallow interest, as the circumstances of the case might require. This principle was expressly sanctioned by the supreme court of Virginia, in the case of *Deanes* v. *Scriba et al.*, 2 Call, R. 350.

Adopting this rule, we can perceive no objection to the decree on account of the interest allowed upon the annual value of the rents reported by the commissioner to be due. In our view, the circumstances of this case render it peculiarly proper that interest should be allowed.

The next objection is, that the executors of Collins and Joseph C. Richards are made responsible by the decree jointly with Howcott and wife, for the rents accruing, during the occupancy of the premises by the latter.

Collins and Joseph C. Richards must be regarded as equally

concerned in the illegal and fraudulent sale of the land at the administration sale. In the subsequent sale and conveyance made to Mrs. Howcott they were equal participants. By the joint acts of these parties, the complainants were deprived of the possession and enjoyment of these premises, to which they had succeeded as the heirs at law of the intestate.

Hence, to the full extent of the injury sustained by the complainants in consequence of these acts, upon a familiar principle of equity, Collins and Richards were jointly and equally liable. 1 Madd. Ch. 28; Ib. 323; *McLeod* v. *Drummond*, 17 Ves. jr. 154.

The remaining objection is, that the decree was rendered against Mrs. Howcott jointly with the other defendants, by which she is made responsible out of her separate estate, for the payment of the rents.

We think that this was error. The land in controversy was conveyed to Mrs. Howcott, at the request of Collins, by Joseph C. Richards. This was done pursuant to a contract for the purchase and sale of the same, made by Howcott with said Collins. Although the deed was made to Mrs. Howcott, it does not appear that she was privy to the agreement between her husband and Collins, pursuant to which the conveyance was made to her. And the fact that Howcott and wife took possession (and retained it) of the premises, is not conclusive evidence that the land was thus conveyed with the knowledge or consent of the latter.

Upon such a state of facts, we do not think that Mrs. Howcott should have been held liable for the rents arising during the possession of the premises held by her husband and herself, even if it were conceded that a married woman could, by participating in the frauds of her husband, subject her separate property to the reparation of injuries thereby occasioned.

For this error we reverse the decree of the chancellor, and order a decree to be entered in this court in accordance with this opinion.