JAMES D. HOUSTON, Plaintiff in Error, *v.* CRUTCHER and M'RAVEN, Defendants in Error.

1. INTEREST: OPEN ACCOUNTS.—Open accounts do not bear interest, as a matter of course, as an incident to the debt; but, in such cases, it is within the discretion of the jury to allow interest by way of damages, for the detention of the debt.
2. INTEREST: COMPUTATION OF: PARTIAL PAYMENTS.—The statute regulating the computation of interest, where there are partial payments, establishes no new rule on this subject, but merely adopts the one which previously existed in equity. Hence, in the computation of interest on open accounts, the same rule will be followed.
3. SAME.—The proper mode of computing interest, where there are partial payments, is to add interest to the time of the first payment, and deduct the payment then made, and then add interest to the balance, to the time of the second payment, and deduct the same, and so on from payment to payment.
4. COMMISSIONS FOR ADVANCES.—Commissions for advancing are not recoverable unless there be an express promise to pay them, or when the course of dealing between the parties will prove the existence of such a contract; but if accounts in which such commissions are charged are made out and delivered to the de-

fendant and acknowledged by him to be correct, it is sufficient evidence of such a contract.

5. PLEADING ACT OF 1850.—By the new Pleading Act of 1850, "every material allegation of new matter in the answer, not specifically controverted by the reply, is to be taken as true;" but this rule only applies to such new matter as would be proper for a plea of confession and avoidance, and not a mere specific denial of a fact averred in the complaint and necessary to be proven to enable the plaintiff to recover.

In error to the Circuit Court of Hinds county. Hon. John J. Guion, judge.

The facts are sufficiently stated in the opinion of the court.

*T. I.* and *F. A. R. Wharton*, for plaintiff in error.

1. The instruction given on the mode of computing interest is error: because, first, the statute regulating the mode of computing interest does not apply to open accounts. Hutch. Code, 643, art. 7, § 7: and second, if it did, the rule laid down by the court is directly contrary to the language of the statute. The language of the statute is, "The interest that has there accrued shall be first credited, and the balance of such partial payment shall be placed to the payment of the principal." The instruction authorizes the allowance of interest upon any balance of interest which may remain due, provided the partial payment should not be sufficient to discharge the interest then accrued. This is compound interest, which is certainly not recognized by the statute. This question was settled by this court in *Bond* v. *Jones*, 8 S. & M. 386. Again, the instruction was error because, even if it asserted a correct principle it was inapplicable to the facts. The action was upon an open account, and the statute makes no provision for computing interest on open accounts. "Charges should always be given with reference to the evidence before the jury. They must be applicable to the state of the case made out." *Payne* v. *Green*, 10 Ib. 501.

2. The verdict was excessive, and a new trial should have been granted; counsel here reviewed, elaborately, the evidence, and insisted that as to the commissions, the plaintiffs have failed to take issue upon the statement in the answer on that subject, and were precluded from offering any evidence in support of that item.

*Johnston* and *Shelton*, for defendants in error.

1. The rule propounded by the court in reference to the calculation of interest, is strictly in accordance with the statute and the former decisions of this court. The effect of the statute is to compound interest. Hutch. Digest, 645, § 57; *Bond* v. *Jones*, 8 S. & M. 368.

2. Whether open accounts bear interest or not; yet it is well settled that the jury may allow interest on them if they see proper. *Milberger* v. *Randolph*, Walker, R. 20.

3. Whilst we dissent from the view taken by the opposite counsel in reference to the verdict being excessive; we do not deem it necessary to remark further on this point than to say, that all the evidence was before the jury and it was their exclusive province to settle the sum due. A new trial will not be granted, because there are doubts as to the justice of the verdict. The verdict must be manifestly wrong to authorize a disturbance of it. *Jenkins* v. *Whitehead*, 1 S. & M. 157; *Leflore* v. *Justice*, Ib. 381; *Van Vactor* v. *Brewster*, Ib. 400; *Ellzy* v. *Stone*, 5 Ib. 21; *M'Mullen* v. *Mays*, 8 Ib. 298; *Mann* v. *Manning*, 12 Ib. 615. The court will not disturb a verdict, although contrary to a portion of the evidence, unless it be clearly against the preponderance of the evidence. *Fisher* v. *Leach*, 10 Ib. 313.

Even where erroneous instructions are given, still, if the verdict be correct, it will not be disturbed. *Pritchard* v. *Myers*, 11 S. & M. 169; *Cicely* v. *The State*, 13 Ib. 202. Where a new trial has been refused in the court below, the question in this court will be, not whether the verdict is clearly right, but is it manifestly wrong. *Ward* v. *Kirkman*, 13 Ib. 597.

HANDY, J., delivered the opinion of the court.

This was an action at law to recover the balance claimed to be due by the plaintiff in error to the defendants, upon an open account for goods and merchandise, sold and delivered; for commissions for accepting and paying drafts, and for balances of interest due the defendants upon an adjustment of mutual accounts between the parties.

Two questions are presented for decision: first, whether the in-

struction to the jury, given by the court, in relation to the mode of calculating interest upon the claim was erroneous; and, second, whether the verdict was contrary to the evidence, and the motion for a new trial, on that ground, should not have been sustained.

1. The court instructed the jury, that "the proper mode of computing interest, when there are credits as partial payments, is to add interest to the time of the first payment, to deduct the payment then made, to add interest on the balance to the time of the second payment, and deduct the same, and so on from payment to payment."

It is objected to this; first, that the statute in relation to the computation of interest when there are partial payments, (Hutch. 643, § 57, Act of 1822,) does not apply in terms to open accounts, and that there is no statute of this State giving interest on open accounts, and that they are not otherwise entitled to bear interest. Second, if that statute were applicable to open accounts, the construction put upon it in the rule stated by the court, is erroneous.

As to the first objection, it is true that open accounts do not bear interest, as of course, as an incident to the debt. But it is within the discretion of the jury to allow interest upon such demands, by way of damages for the detention of the debt, and the right to it on principles of justice would seem to stand on as firm ground as the right to interest upon written contracts for the payment of money. It is customary for Courts of Chancery and for juries in actions at law to allow it, and hence it has become the established law of the land, that interest may, and generally will be allowed upon unwritten contracts for the payment of money. *Howcott* v. *Collins*, 23 Miss. 398. The court in this case instructed the jury, that they might allow interest, but were not bound to do so.

It is also true, that open accounts do not come within the express language of the statute referred to. But the statute merely declared the same rule which previously existed as the rule in equity for the computation of interest. *Bond* v. *Jones*, 8 S. & M. 377; and if interest be allowed at all upon an open account, it is but just to apply the general equitable rule to such a case,

and it should not prevent the application of the rule, that the statutory adoption of it does not embrace it, and extends only to a particular class of money demands. It is sufficient that the statute does not exclude the particular case from the operation of the general principle.

As to the second objection, we think that the instruction properly states the rule for the computation of interest in cases of partial payments, as intended by the statute. It is sanctioned by this court in *Bond* v. *Jones*, as we understand that decision, and is the rule acted upon by a very uniform course of practice in our courts and by general understanding among the people. Under such circumstances, we shall very reluctantly disturb a settled construction and practice under it, unless founded in a clear violation of the statute.

2. The other question to be considered is, whether the verdict was contrary to the evidence.

The ground of this objection is, that the jury failed to deduct from the plaintiff's account several items for which the defendant claimed credit, and to charge them with the difference between the price at which the plaintiff sold some of his cotton, in violation of his orders, and its real market value, which particulars, it is insisted, are established by the evidence. Upon an estimate of the amount of these credits, so far as the evidence goes to establish them, and deducting them from the amount of the plaintiff's account and interest, it appears that they must have been allowed by the jury, with the exception of the credit which is claimed for the commissions charged in the plaintiff's account for accepting drafts and paying moneys. The verdict is for about the balance due on the plaintiff's account, after making the deductions claimed and shown to be proper, except that in relation to commissions, so that the correctness of the verdict depends upon the question whether the plaintiffs in the suit were entitled to charge for these commissions.

It has been held by this court, that a party cannot recover for commissions for advancing, except there was an express contract to pay commissions, or the course of dealing between the parties will prove the existence of a contract to pay commissions. *Gib-*

son v. *Bailey and Randolph*, 24 Miss. 238. The contract may be shown either to have been express, or it may be shown from the conduct of the parties and their course of dealing. It is not alleged that there was an express contract in this case, but it is said that the circumstances show that it was recognized by the plaintiff in error. The testimony shows that the drafts on which the commissions were charged were all drawn upon the plaintiffs, and paid by them, and that accounts containing charges for such commissions were made out and delivered to the defendant, and were admitted by him to be correct. This was certainly sufficient to justify the conclusion which the jury came to, that there was an agreement between the parties that the commissions should be charged.

But it is contended that this testimony was incompetent under the pleadings, because the answer or plea denies that the defendant ever contracted with the plaintiffs to pay such commissions, and the replication merely alleges that the charge is just and proper, and " if no special agreement for commissions was made, that the defendant is liable for them according to law and the course of trade." It is said that the allegation denying the contract being made in the answer, and not denied in the replication, must be taken as admitted under the rule established by the 10th section of the Act of 1850, in relation to the forms of pleadings. But we do not think that this case comes within that rule. The provision is, that " every material allegation *of new matter*, in an answer not specifically controverted by the reply, shall be taken as true." It must have been intended to apply to such new matter as would be proper in a plea of confession and avoidance, and not to a mere denial of a fact, without proving which the plaintiff could not recover. Of this latter character is the allegation under consideration. It is a denial of the contract with regard to commissions, which it was incumbent on the plaintiff to prove, and its legal effect is not changed by its being a special denial. It was not the allegation of such new matter as it was incumbent on the defendant to prove, if it had been denied in the replication; and, therefore, the failure of the plaintiffs so to deny it, did not change its character from that of a denial to that of " a

material allegation of new matter." The reference to it, therefore, has no effect in pleading, and it stands as the defendant's denial of the contract of the commissions; and we have above seen that the testimony was sufficient to warrant the jury in finding that there was such an agreement.`

Upon consideration of the whole case we think that the judgment is correct, and it is affirmed.