Bickell *v.* Colton.

---

## MICHAEL BICKELL *v.* WM. A. COLTON.

1. MEASURE OF DAMAGES FOR THE TAKING AND DETENTION OF PERSONAL PROPERTY.—In actions for the taking and detention of personal property, where no question of fraud, malice, oppression, or wilful wrong, either in the taking or detention, intervenes, the measure of damages is the value of the property at the time of the taking or conversion or illegal detention, with interest thereon to the time of trial. *Whitfield* v. *Whitfield*, 40 Miss. R.

2. SAME: WHERE MALICE, FRAUD, OPPRESSION, OR WILFUL WRONG.—Where the trespass, detention, or conversion is attended by circumstances of fraud, oppression, or wilful wrong, the measure of damages becomes a matter for the consideration of the jury, guided by the evidence before them. *Whitfield* v. *Whitfield*, 40 Miss. R.

3. MEASURE OF DAMAGES FOR BREACH OF CONTRACT TO DELIVER PERSONAL PROPERTY WHEN PURCHASE-MONEY PAID.—The measure of damages in an action of assumpsit for a failure to deliver personal property where the purchase-money was paid in advance of the time appointed for the delivery, is the value of the property at the time of the delivery, with interest thereon to the time of trial.

ERROR to the Circuit Court of Amite county. Hon. James M. Smiley, judge.

*Safford & Sleeper* for plaintiff in error.

*C. R. Neilson* for defendant in error.

ELLETT, J., delivered the opinion of the court.

This case presents the question as to the measure of damages in an action of assumpsit founded on an agreement to deliver personal property, where the price was paid in advance of the time appointed for the delivery.

In the case of *Whitfield* v. *Whitfield*, decided at April term, 1866, we held, after full consideration, the following propositions:

1. That in actions for taking and detaining personal property, where no question of fraud, malice, oppression, or wilful wrong, either in the taking or detention, intervenes, the measure of damages is the value of the property at the time of the taking, or conversion, or illegal detention, with interest thereon to the time of the trial.

2. That where the trespass, detention, or conversion is attended by circumstances of malice, fraud, oppression, or wilful wrong, the 'law abandons the rule of compensation, in a legal sense, and the measure of damages becomes a matter for the consideration of the jury, guided by the evidence before them.

We see no reason why the same rules should not prevail in actions brought to recover damages for the breach of a contract for the delivery of personal property. Policy and convenience require that the rule should be as uniform as possible, where the cause of action is of the same nature, without regard to the form of action adapted to the facts of the particular case.

The court below, therefore, properly rejected evidence of the highest price of cotton between the day when the article was to have been delivered and the day of the trial of the cause, and confined the plaintiff to proof of the value at the time of delivery.

The plaintiff would have been entitled to recover the value of the cotton on the day when it ought to have been delivered, with interest, from that date to the time of trial, and might

24

have been entitled to more if the case could have been brought within the second proposition above stated. But so far as the bill of exception shows, he gave no evidence whatever of the value of the cotton, and consequently was not entitled to a verdict for more than nominal damages.

As the point in regard to the ruling of the court on the evidence offered is the only question presented for our decision, it is unnecessary to remark upon other matters appearing in the record.

The judgment is affirmed.