ILLINOIS CENTRAL RAILROAD COMPANY *v.* J. H. HAYNES.

1. RAILROAD COMPANY. *Delay in delivery of cattle. Reasonable time. Press of business. Instructions.*

   In an action for damages against a railroad company for a delay in delivering cattle shipped over its line, the court in its instructions for the plaintiff told the jury in general terms that it was the duty of the company to deliver the cattle within a reasonable time. *Held*, that if such instructions be not sufficiently explicit, they were cured by instructions for the defendant which announced to the jury that in determining what was a reasonable time all the surrounding circumstances must be kept in view, and that delay from an unusual and exceptional press of business was not to be considered as unreasonable.

2. SAME. *Damages for delay in delivering freight. Interest on same.*

   And in such action the plaintiff, if he recover, is entitled to interest from the date of the breach of the contract, if the action be considered as *ex contractu*, and from the date of the injury, if the action be viewed as one in tort.

3. SAME. *Evidence. Examination of witness as to his feelings. Practice.*

   In the trial of the action above referred to, W., a witness for the plaintiff, was asked by the defense if he had not brought a similar action against the defendant. The plaintiff, in a re-direct examination, asked the witness if the defendant had not settled with him for the damages claimed in his action, and he replied in the affirmative. *Held*, that the question of plaintiff was a proper one after the question by the defense.

4. SAME.  *Evidence. · Contradiction of witness to show bias. Practice. Case in judgment.*

    And in the trial of such action a witness for the defendant and in its employ was asked on cross-examination if he had not, at a certain time and place, said to plaintiff that he and other employees of defendant had to tell as favorable a tale as possible in order to hold their jobs, which statement witness denied having made; and thereupon evidence was introduced by plaintiff to show that he had so stated. *Held,* that the purpose being to show bias in favor of defendant, it was competent to contradict the witness' answer of denial, and it was not necessary to first inquire whether he was biased.

APPEAL from the Circuit Court of Attala County.

HON. C. H. CAMPBELL, Judge.

This is an action for damages brought by J. H. Haynes against the Illinois Central Railroad Company for a failure to deliver a certain carload of cattle in New Orleans in a reasonable time after shipment.  It appears that plaintiff shipped a carload of cattle by defendant's road from Kosciusko to New Orleans; that the train on which they were shipped was delayed twenty-four hours on the road because of being overloaded and the engine getting out of repair; that the cattle suffered for want of food and water, which resulted in loss to plaintiff by a decrease in the value of the cattle. The plaintiff contended that he twice tried to get the conductor of the train to side-track the car containing his cattle so that he could feed and water them.  This the defendant denied, and on this point the evidence was conflicting.

On the trial the defendant introduced evidence which tended to· show that the delay was unavoidable because of an unusual press of business, it being at the time of the year when the World's Exposition of 1884 was being held in New Orleans.

The plaintiff introduced as a witness one Woods, who testified in his behalf.  On cross-examination the defendant asked him if he had not also sued defendant for damages done to his cattle shipped on the same train with plaintiff's cattle.  This question he answered in the affirmative.  On his re-direct examination the witness, in· reply to a question, said that defendant had settled with him for the damages claimed· by him in his suit· against defendant.  To.

this question and the answer thereto the defendant objected, but the objection was overruled.

The defendant introduced as a witness in its behalf one Ryan, a conductor in its employ. On cross-examination he was asked, "Did you not state to plaintiff in a conversation about this case, about one month ago, between McComb City and New Orleans, that you and other employees of the defendant had to tell a favorable tale, the best you could, in order to hold your job." To this he replied, "I did not." The defendant objected to both the question and the answer, but the court overruled the objection.

The defendant having closed its evidence, the plaintiff testified in rebuttal that Ryan had told him at the time and under the circumstances set out substantially what is embodied in the question above quoted.

The court gave among other instructions for the plaintiff one as follows :

" 1. The court instructs the jury, that if they believe from the whole evidence in this cause that the railroad company is guilty of negligence in not permitting the said Haynes to feed and water his cattle if he desired to do so, and applied to the proper parties, and his cattle being damaged by reason of such refusal, the said railroad company is liable to him for the said amount of proven damages in this cause, with six per cent. interest thereon from the date of said damage to plaintiff's cattle."

The effect of other instructions necessary to be known is stated in the opinion of the court.

The verdict and judgment were for the plaintiff, and the defendant appealed.

*W. P. & J. B. Harris*, for the appellant.

1. The plaintiff was not entitled to interest as matter of law and right on his damages, and the instruction on this point is mandatory.

2. The court should have explained to the jury that mere delay in delivery, though injurious to the cattle, would not entitle the plaintiff to recover if these delays were excusable. The principle is too well settled to call for argument or authority that the

carrier does not insure as to time, and that the question as to reasonableness is made up of the conditions which excuse delay. The instruction upon this subject is misleading.

3. The court erred certainly in permitting Woods to testify that " his damages had been paid to him " for the same alleged cause. If the answer had fallen from the witness when the defendant's counsel asked if he had not sued defendant the court should have excluded it, but waiving that, it was gross error to allow the witness to state that the company had paid him his damages on a re-direct examination.

It is not more allowable to permit such evidence on a " re-direct " examination than it would have been on the direct examination. Let it be conceded for argument's sake that if the witness had said on the cross-examination, " Yes, I had a controversy with the company, but we settled it and they paid me," the defendant would not complain, as he had drawn the answer out. He would have been held to abide by the consequences of his question, and it might be said that the company compromised ; but the matter assumes a different shape when he is allowed to state for the party calling him that the company had paid *him his damages*.

4. In allowing the evidence of what conductor Ryan *had said* about the constraint under which he and *other witnesses* testified we think it very clear the court below committed a grave error. The principal issue was one of veracity, and this evidence tended to impeach the company as placing its servants under constraint in giving evidence, and also to discredit other witnesses testifying in the cause ; not by proving intimidation as a fact proceeding from the company, but by showing what the witness Ryan *had said,* not as respects his own feeling but as respects the conduct of the company in the suit, and as to the influence on the minds of other witnesses who had no opportunity to disavow the imputation. The fact of intimidation or of bribery may be proved as an independent fact by legitimate evidence, but not by this method.

The well-thumbed case of *Attorney General* v. *Hitchcock*, 1 Excheq. 91, may be studied in vain for a doctrine which sanctions the action of the circuit court. See 1 Wharton on Ev., § 561.

*Allen & McCool,* for the appellee.

1. The instructions for the plaintiff announce the correct rule of law. The instructions given for defendant are not only free from objection in submitting the correct principles of law to the jury applicable to its defense, but they are liberal and explicit.

2. The action of the court in requiring witness Ryan to testify touching a conversation had between plaintiff and witness in presence of one John Carter is not error, since the statement only affects the credibility of his testimony, for which purpose it was given, and did not go to the jury as a declaration or an admission of the defendant company to bind it, and cannot affect its interest.

The sole object was to lay the foundation to impeach the credit of witness Ryan, and show that he had made *statements out* of *court contrary to what he had testified* at the trial. 1 Greenleaf on Evidence 511, § 462 ; 1 Howard 281 ; 44 Miss. 751.

3. It is shown that the attorney for defendant on cross-examination of Woods asked him if he ever had a suit against the railroad company for damages done his carload of cattle at the time Haynes' cattle were injured, presumably for the purpose of showing that the witness had feelings of hostility against the defendant, and having answered in the affirmative, it was eminently proper that he should be allowed on re-direct examination to explain that the case was settled by the company's paying him what he demanded. As the defendant propounded the question which drew out this explanation it is not just to plaintiff that he should be refused permission to explain the settlement, etc. The witness shows he entertains a kind feeling toward defendant.

Cooper, C. J., delivered the opinion of the court.

The instructions are not contradictory, and on the whole case fairly presented the law to the jury. Looking only to the instructions for the plaintiff, it might be said that the jury was not sufficiently told what was reasonable expedition of the freight carried, but this defect is fully supplied by the full and accurate instructions for the defendant, and it is impossible that the jury could have

failed to understand the rule announced. By plaintiff's instructions the jury was told that the defendant was under a duty to carry within a reasonable time, but by those given for the defendant it was also informed that in determining what was a reasonable time all the surrounding circumstances must be kept in view, and that the delay occasioned by an unusual and exceptional press of business was not to be considered as unreasonable.

We think the defendant cannot complain of the instruction by which the jury was told that the plaintiff was entitled to interest from the date of the breach of the contract if the suit be considered as one for breach of contract, or from the date of the injury if the action be viewed as one in tort.

It was not error to permit the plaintiff to ask the witness Wood whether the defendant had settled the suit which he had brought against it for damages done to his cattle carried on the same train. If this evidence had been drawn from the witness on direct examination, objection might have justly been taken thereto, but the defendant, for the purpose of proving this witness to be unfriendly to it, had asked him if he had not brought suit against it to recover damages for a similar injury. The purpose of the testimony then drawn out by the plaintiff was to show that no reason existed for unfriendly feeling, since the suit had been settled between the parties.

The court did not err in permitting the plaintiff to contradict the witness Ryan by proving against him his statement previously made that he would testify as favorably as possible for the defendant, which declaration he denied that he had made.

The general rule is that where one on cross-examination asks a witness an immaterial question, he cannot contradict the answer, but must content himself with the reply given. But where the purpose is to show motive or bias in favor of one party or against the other, the rule does not prevail. Such we think was the character of the declaration made by the witness Ryan, as testified to by the plaintiff.

We do not understand that under such circumstances the witness must be asked whether he has or has not a bias; it is sufficient to

inquire of him whether he has or has not made the declaration, for *res ipsa loquitur.* *Newcomb* v. *The State,* 37 Miss. 383; *Attorney General* v. *Hitchcock,* 1 Exchequer 91; *Edwards* v. *Sullivan,* 8 Iredell 302.

*We think there is no error in the record and the judgment is affirmed.*