YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* BARROW BANISTER.

[42 South. Rep., 345.]

LAND. *Covenants for title. Breach. Measure of damages. Interest.*
  Where a vendee under a warranty deed is evicted by the holder of the paramount title from wild lands, insusceptible of yielding rent, and none is demanded or paid, the measure of damages for breach of the covenant is the sum paid for the land with legal interest thereon.

FROM the circuit court of Quitman county.

HON. SAMUEL C. COOK, Judge.

Banister, the appellee, was plaintiff in the court below; the railroad company, the appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The case was tried upon an agreed statement of facts showing that defendant railroad company originally claimed to own, and had a deed to the land in question, but this claim and deed was canceled by a decree of the chancery court in a suit by Reid and others; that defendant, having failed to mark the land off its books after said decree, conveyed it by general warranty deed to one Moreno for $240. Moreno conveyed the land by warranty deed to one Parnell for a greater consideration. Parnell conveyed the land by warranty deed to plaintiff for a consideration greater than the purchase money paid by him to Moreno. The land is wild and uncultivated; and while it was in his possession, plaintiff made improvements thereon worth $500, and removed timber therefrom worth $160, but cultivated none of it, and received no rent from it. Harvey and another held conveyances to the land from Reid and others, and filed their bill in equity to cancel plaintiff's title and for

the value of timber cut, whereupon plaintiff surrendered possession of the land to Harvey, who paid him the difference between the value of the timber removed from and the improvements put upon the land.

Thereafter this suit was brought for breach of covenant of title, and on the trial, a jury being waived, the court gave plaintiff a judgment for $317, the amount of the purchase money paid by Moreno ($240), with interest from the date of his purchase to date of judgment. The railroad company contended that it should not be held liable for interest on the purchase money, as part damages for breach of warranty of title, claiming that the measure of damage was the purchase price paid by Moreno, without interest.

*St. John Waddell,* for appellant, citing *Brooks* v. *Black,* 68 Miss., 161 (s.c., 8 South. Rep., 332; 11 L. R. A., 176; 24 Am. St. Rep., 259); 4 Kent's Commentaries (9th ed.), p. 561; *White* v. *Tucker,* 52 Miss., 145; *Mortgage Co.* v. *Todd,* 84 Miss, 522 (s.c., 36 South. Rep., 1040).

*Lowry & Lamb,* for appellees, citing 4 Kent's Commentaries (5th ed.), 467; 30 Am. & Eng. Ency. Law (2d ed.), 224; Tiedeman on Real Property (2d ed.), 861; 5 Lawson's Rights, Remedies & Practice, 2304; *Wilkerson* v. *Jenkins,* 77 Miss., 606 (s.c., 27 South. Rep., 611).

WHITFIELD, C. J., delivered the opinion of the court.

The *Todd case,* in 84 Miss., 522 (s.c., 36 South. Rep., 1040), and *Brooks* v. *Black,* 68 Miss., 161 (s.c., 8 South. Rep., 332; 11 L. R. A. 176; 24 Am. St. Rep., 259), and all the other cases referred to by learned counsel for the appellant, were cases in which the land was susceptible of being rented, and rent was actually paid; and all the expressions in those cases about interest being collected, where rents were paid by the evicted vendee, by the true owner, must, of course, be under-

stood to have been used in reference to cases of that sort alone—that is to say, cases in which the land was rent-producing. The question in this case is this: Where a vendee is evicted by the holder of a paramount title from wild land insusceptible of producing rent, and no rent, of course, is demanded or paid, what is the true measure of damages as between the evicted vendee and his vendor? It is the principal sum paid, with legal interest thereon, as shown abundantly by the authorities cited in the carefully prepared brief of counsel for appellee.

*Affirmed.*