C. B. Foster & Co. v. Fulton Bag & Cotton Mills.*

(Division B.    May 25, 1925.)

[104 So. 292.    No. 24878.]

Sales. *Measure of damages for buyer's breach of contract to purchase burlap bags not manufactured at time of breach stated.*

Measure of damages for buyer's breach of contract to purchase burlap bags held to be difference between the contract price and the market price of the burlap necessary for the manufacture of the bags, and not the difference between the contract price and the market price of the manufactured bags at the time of the breach, where seller had not manufactured the bags but had necessary burlap on hand and by mutual consent had delayed the manufacture of the bags until buyer was ready to receive them.

*Headnote 1. Sales, 35 Cyc., p. 596; On measure of damages for breach of contract for sale and purchase of goods to be manufactured, see notes in 52 L. R. A. 254; 57 L. R. A. 204, 4 L. R. A. (N. S.) 740; 24 R. C. L. 117.

Appeal from circuit court of Harrison county.
Hon. D. M. Graham, Judge.

Action by C. B. Foster & Co., a corporation, against the Fulton Bag & Cotton Mills. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*White & Ford,* for appellant.

The court permitted the plaintiff (appellee), to recover on an erroneous measure of damages. It will be borne in mind that the declaration sought to recover specifically the difference between the contract price and the market price of the articles to be manufactured, and the testimony offered in support of the declaration was confined wholly to that measure of damage and the precise recovery permitted by the court was the net difference between the price as fixed in the contract of August, 1920, and the alleged market price on July 1, 1921. The

first question presented by record, therefore, is, can appellee recover on this measure of damage, and incidentally was any recoverable damage shown at the time.

The contract provided for delivery of ten thousand bags in December, but, as a matter of fact, the bags were never manufactured nor delivered by plaintiff, appellee here. The court will note from the correspondence and especially from letters that appellant was led to believe by appellee that it had manufactured the goods and had them ready for shipment, whereas in truth and in fact they were never manufactured and therefore never ready for shipment. At no time was it contemplated or agreed that manufacture of the bags should be dispensed with, but the most the parties negotiated about was deferment of shipping. Two related questions arise from this state of facts, first, what is the measure of damage, second, as of what date will that measure of damage be applied?

Can appellee recover the difference between the contract price and the market price? Our contention is that every respectable authority from the appellate courts of the United States holds that in such case the seller whose contract has been breached, can only recover the profits he would have made. A great abundance of cases on this question might be cited, and while we shall cite a considerable number, there are many others, and our only reason for not including them is, that so to do would unduly extend and burden this brief, which ought to be short. *Belisle* v. *Berkshire Ice Co.,* 34 A. L. R. 129.

In the very copious note under that decision, will be found many cases from the supreme court of the United States, and state courts supporting the rule. For interesting cases announcing this rule see, *Kingman* v. *Western Mfg. Co.,* 92 Fed. 486; *Hinckley* v. *Pittsburg Steel Co.,* 121 U. S. Sup. Court Rep. —, 30 L. Ed. 967; *Thomas Gordon Malting Co.* v. *Bartels B. Co.,* 100 N. E. 461, 206 N. Y. 528; *Oswego Falls Pulp Co.* v. *Stecher Litho. Co.,* 130 N. Y. S. 897, 146 App. Div. 241; *C. P.*

*Mayer Brick Co.* v. *D. J. Kennedy Co.,* 79 A. 246, 230 Pa.
98; *John Deere Plow Co.* v. *Shellabarger,* 203 S. W. 756;
*Hausman* v. *Buchman,* 179 N. Y. S. 26, see also, 35 Cyc.
594; *Crandall Pette Co.* v. *Jebeles & Colias Confectionery
Co.,* 69 So. 964, 195 Ala. 152; *George J. Cooke Co.* v.
*Hell,* 175 Ill. App. 532; *W. J. Holliday & Co.* v. *Highland
Iron & Steel Co.,* 87 N. E. 249, 43 Ind. App. 342; *Meyer
Bros. Drug Co.* v. *McKinney,* 121 N. Y. S. 845, 137 App.
Div. 541, judgment affirmed 96 N. E. 1122, 203 N. Y. 533;
*Stroock Plush Co.* v. *Talcott,* 134 N. Y. S. 1052, 150 App.
Div. 343.

The authorities cited establish beyond doubt, we be-
lieve, that appellee could recover profits only, and no
proof was made in this case showing what profits ap-
pellee would have made by manufacturing the goods.
The question of its profits would of course be determined
on the price of burlap and the cost of manufacture in
December, 1920, in view of the fact that appellant had
allocated burlap to this contract. The suit here is for
difference between market prices and contract price,
and no profits being shown, we submit that appellant
was not entitled to recover anything. We do not think
that appellant would be entitled to recover profits at
all under the case as now made, even if it had shown
profits, because it cannot state one sort of case and re-
cover on another. See *Powell* v. *Plant,* 23 So. 399.

*Gardner & Brown,* for appellee.

Appellant stresses the point that the bags in question
were never manufactured nor delivered by appellee and
for which reason, according to appellant's contention,
appellee should not have been allowed to recover the dif-
ference between the contract price and the market price,
but such recovery should have been limited to the profits
appellee would have made had the bags been actually
delivered.

The declaration and proof show that appellee was at
all times ready, able and willing to perform its contract

in accordance with the terms thereof, and did deliver forty thousand of the bags, which were accepted by appellant; and that appellee was at all times ready, able and willing to deliver the last installment of the bags, and shipment was deferred only at appellant's request.

The deferment of the delivery date did not change or abrogate any of the terms of the original contract, but modified it only to the extent that the date of delivery was deferred. *Sussman-Wormser* v. *Sea Food Co.,* 90 So. 116.

We are at a loss to understand how appellant can hope to take advantage of its own wrong in repudiating the contract, and we say it was immaterial whether the bags were manufactured or delivered. Appellee repeatedly called on appellant to take these bags, and the shipping date was deferred at appellant's request.

Not until July 9, 1921, did appellant inform appellee that it would not take the bags, and we regard it as a settled principle of law in this state that after one party notifies the other that goods will not be received if tendered, it is not necessary for an actual delivery to be made or formal tender offered. 35 Cyc. 584-586.

This is exactly what occurred in this case, and brings us to the question of the measure of damages. The measure of damages upon which the judgment is based is the difference between the contract price (one hundred twenty dollars and fifty cents per thousand) and the market value of the bags on July 9, 1921 (fifty-three dollars and twenty cents per thousand). And we believe that the testimony of Mrs. Musson satisfactorily established this value and explains how it is arrived at. Counsel for appellant complains that this measure of damage is not the true criterion, for the reason that it embraces the cost of manufacturing and that recovery should be allowed only for the profits appellee would have made on the manufacture and printing of the bags. But it clearly appears from the testimony of Mr. Musson that the price of fifty-three dollars and twenty cents (market value on July 9, 1921) did not embrace any part

of the expense of manufacturing, as appellee, in establishing this value, had given appellant credit for approximately four dollars per thousand bags to cover such expense.

Furthermore Mr. Musson explains in his testimony that if the bags had been actually manufactured (i. e. cut, stitched and printed), the market value would have been less for the reason that the bags, had they been printed with appellant's name, could not have been used except as "second-hand and mis-print." It clearly appears that the cost of burlap had greatly declined by July 9, 1921, and it is repugnant to reason to contend that under such conditions appellee's damage is limited to the profit it would have made on the manufacture of these bags taking into account the decline in the value of the raw material. And we respectfully submit that the cases cited by appellant do not cover the instances of this character.

Furthermore, we call the court's attention to the fact that the contract in question is a Louisiana contract, and the remedy of the vendor, in event of repudiation by the vendee, is provided for in articles 2555 and 2565 of the Civil Code of that state.

For the reasons above given we respectfully submit that the judgment of the lower court is correct, and should be affirmed.

ANDERSON, J., delivered the opinion of the court.

Appellee, Fulton Bag & Cotton Mills, a Louisiana corporation, brought this action in the circuit court of Harrison county against appellant, C. B. Foster & Co., a Mississippi corporation, to recover damages for a breach of contract between the parties consisting of appellant's refusal to order out and receive from appellee as provided in said contract ten thousand burlap bags, and recovered a judgment from which appellants prosecute this appeal.

At the conclusion of the evidence the court directed a verdict for appellee for the difference between the contract price of the bags and their market price on the date of the breach of the contract. There was no question as to the liability of appellant. In other words, that appellant had breached the contract involved could not under the evidence be questioned. The only question before the court was as to the true measure of damages for the breach of the contract.

The controlling facts out of which the question arises were as follows: Appellee contracted with appellant to manufacture for and sell the latter fifty thousand burlap bags described as (using the language of the contract) "fifty thousand new ten oz. thirty-six-inch cut thirty-four-inch burlap bag, hemtop, printed on one side, two colors." The contract was made August 6, 1920, shipment of the bags was to be made by appellee to appellant, twenty thousand October 1, 1920, twenty thousand November 1, 1920, ten thousand December 1, 1920. The price to be paid by appellant was one hundred twenty dollars and twenty-five cents per thousand. The burlap was not to be manufactured by appellee, that was already on hand. Appellee was to manufacture out of the burlap for appellant the bags in the condition above described. Appellant accepted and paid for the first two installments of bags, aggregating forty thousand, but breached its contract to take the last installment of ten thousand. These ten thousand bags at the time of the breach had never been manufactured by appellee. By the tacit consent of appellant, appellee had delayed the manufacture of these bags until appellant was ready to receive them. On July 9, 1921, when the contract was breached by appellant, appellee had not manufactured the bags, but had on hand for that purpose the necessary burlap. The evidence is indefinite in the record as to how much it would have cost appellee to manufacture the ten thousand bags. Appellee's evidence showed that at the date of the breach of the contract by appellant the difference between the contract price of the bags and

their market price manufactured as provided in the contract was fifty-three dollars and twenty cents per thousand.

Was the proper measure of damages the difference between the contract price and the market price of the manufactured bags at the time of the breach of the contract, or was it the difference between the contract price and the market price of the burlap necessary for the manufacture of the bags? It is only actual damages appellee sued for and is entitled to recover. The criterion is full compensation for the breach of the contract. As we view the evidence, appellee got more than that when he got the difference between the contract price of the bags and their market price in their manufactured state at the time of the breach of the contract. The excess amount recovered by appellant consisted in the difference in the market price of the raw burlap and the necessary cost of manufacturing the same into the bags. Appellee had not manufactured the bags. It had not incurred that expense. It was not to incur it until the appellant was ready to receive the bags. Therefore appellant's judgment is excessive to the extent of the cost of the manufacture of the bags. The evidence leaves it uncertain as to what that was. However, the evidence plainly shows that fifty-three dollars and twenty cents, the amount with which appellant was credited, was not the market price of the raw burlap when the contract was breached but was the market price of the manufactured bags.

*Reversed and remanded.*