C. B. FOSTER & Co. *v*. FULTON BAG & COTTON MILLS.

(Division A. Dec. 8, 1930.)

[131 So. 415. No. 28985.]

Ford, White & Graham, of Gulfport, for appellant.

Gex & Gex, of Bay St. Louis, for appellee.

Argued orally by **W. J. Gex**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

This case is on our docket for the third time, its first appearance having been reported in 139 Miss. 490, 104 So. 292, and its second in 121 So. 168, not reported in state reports.

On the first appeal, all the legal principles involved in this case were settled; on the second appeal, the lower court having decided the case contrary to the decision of this court on the first appeal, the case was reversed

and remanded to be proceeded with in accordance with the opinion first rendered.

We are of opinion now that the court below has tried the case in accordance with the former opinions of this court, and that as to the measure of damages and date of breach of contract there is no reversible error, the court below having given a peremptory instruction for a specific amount on the testimony, in which there is but slight, if any, conflict. In the peremptory instruction the court instructed the jury to return a verdict for a specific sum as damages for the breach of the contract here sued on, and, in addition thereto, allowed the interest on that sum from the date of the breach of the contract to the date of the trial, and the verdict of the jury and the judgment of the court were rendered accordingly. The facts are fully stated in the first opinion in this case as to the proof offered, except as to the measure of damages. The question sharply presented is that it was error for the court below to instruct the jury to find for the plaintiff interest on a claim which up to the date of the verdict was unliquidated damages. The suit is for a breach of contract in refusing to receive certain manufactured articles.

On this question of interest, counsel for both sides here cite Corpus Juris on the question of interest without reference to the decisions of our own court.

The statutory authority for interest in this state is found in section 2223, Hemingway's Code 1927, Laws 1912, chapter 229, in which it is stated that the legal rate of interest on all notes, accounts, and contracts shall be at six per cent. per annum. The instruction in the instant case mandatorily directed the jury to allow the plaintiffs the legal rate of interest from the date of the breach of the contract to the date of the trial of the cause. In numerous cases it has been frequently announced that interest is of statutory creation, and is not allowed by

the common law. It has been held, in the absence of a statute, that a judgment did not bear interest, that in suits between counties interest would not be allowed, and that suits on claims against a county on county warrants and claims by the state for taxes did not bear interest in the absence of a statute. See Eastin v. Vandorn, Walk. 214; Hamer v. Kirkwood, 25 Miss. 95; Board of Supervisors of Warren County v. Klein, 51 Miss. 807; Board of Sup'rs of Clay County v. Board of Sup'rs of Chickasaw County, 64 Miss. 534, 1 So. 753; Illinois Cent. Railroad Co. v. Adams, 78 Miss. 895, 29 So. 996; Humphreys County v. Washington County, 128 Miss. 132, 90 So. 710. Recognizing this fact, it is also just as evident that this court has consistently allowed interest on claims involving contracts as to land and personalty for unliquidated damages on the amount of damages found by the jury from the date of the breach of a contract, or injury done, to the date of the trial.

From the beginning of Mississippi jurisprudence, interest has been allowed as damages, and incidental to the amount found to be due. See Wiltburger v. Randolph, Walk. 20; Hinds v. Terry, Walk. 80; Texada v. Camp, Walk. 150; Howcott v. Collins, 23 Miss. 398; Houston v. Crutcher et al., 31 Miss. 51; Work v. Glaskins, 33 Miss. 544; Yazoo & M. V. R. Co. v. Craig, 111 Miss. 297, 71 So. 561.

In the case of Whitfield v. Whitfield, 40 Miss. 366, which was a suit in replevin for the detention of property, the court analyzed the English authorities and reached the conclusion that the measure of damages for the wrongful detention of property was the value of the property, with legal interest, from the date the cause of action accrued. This court has consistently held that, in the absence of a contract for interest, legal interest should be allowed on a breach of a covenant of warranty. See Brooks v. Black, 68 Miss. 161, 8 So. 332, 11 L. R. A.

176, 24 Am. St. Rep. 259; Yazoo & Mississippi Valley R. R. Co. v. Banister, 89 Miss. 808, 42 So. 345; Burroughs Land Co. v. Murphy, 131 Miss. 526, 95 So. 515; Sutton v. Cannon, 135 Miss. 368, 100 So. 24.

In the case of Bickell v. Colton, 41 Miss. 368, the court approved the rule announced in the case of Whitfield v. Whitfield, supra, that in actions for the taking and detention of personal property where no question of fraud, malice, oppression, or willful wrong, either in the taking or detention, intervenes, the measure of damages is the value of the property at the time of the taking or conversion or illegal detention, with interest thereon to the time of the trial; and it stated further that it saw no reason why the same rules should not prevail in actions brought to recover damages for the breach of a contract for the delivery of personal property, and held that the measure of damages in an action of assumpsit, where the purchase money was paid in advance of the time appointed for delivery, is the value of the property at the time of the delivery, with interest thereon, to the time of trial.

In the case of Jamison v. Moon, 43 Miss. 598, this court said: "The value of the property taken, with interest from the time of taking, down to the trial. This is deemed legal satisfaction, which refers solely to injury done to the property taken, and not to any collateral or consequential damages resulting to the owner by the trespass," and held that the true measure of damages was the value of the property at the time of the taking, with the legal rate of interest.

In Illinois Cent. R. Co. v. Haynes, 64 Miss. 604, 1 So. 765, 766, a suit was brought against the railroad for damages for delay in the delivery of cattle shipped over its lines, and the failure to water them. In passing upon an instruction given by the court below, to the effect that if the jury believed the railroad was guilty of negligence

in failing to permit Haynes to feed and water his cattle, the company was liable for the amount of the proved damages, with six per cent. interest thereon from the date of the damage to plaintiff's cattle, Judge Cooper, speaking for the court, said: "We think the defendant cannot complain of the instruction by which the jury was told that the plaintiff was entitled to interest from the date of the breach of the contract, . . . or from the date of the injury, if the action be viewed as one in tort."

The cases of Jamison v. Moon and Illinois Cent. R. Co. v. Haynes, supra, are in point, and decisive of the question here presented. We conclude, therefore, that in actions for damages for the breach of a contract, where real or personal property is the basis of the contract, the measure of damages and compensation for the loss sustained will be the amount of the damages as ascertained by the jury, with interest thereon at the legal rate, from the date of the breach of contract, or the date of injury.

In actions of this character there can be no sound logical reason for distinguishing between liquidated and unliquidated damages. There is no cogent reason for the distinction that a party sustaining liquidated damages should have a larger recovery as to interest than the same party would recover as measure of damages on a claim unliquidated. If we concede, as we must, that interest is the product of money when the jury by its verdict liquidates the damages and ascertains the due date, then the interest should follow on that ascertained amount from that ascertained due date.

Affirmed.