WASHINGTON COUNTY *v.* HUMPHREYS COUNTY.

[89 South. 145. No. 21948.]

COUNTIES. *In suit by county against another county assuming liability under legislative authority, held error to sustain demurrer to declaration; when county is sued on liability assumed by another county, it may in turn sue the other county.*

Where a county files suit against another county on an agreement that the defendant county was to assume all liability for road construction initiated by the plaintiff county where such agreement is authorized by law, or ratified by the legislature, it is error to sustain a demurrer to the declaration on the theory that a person damaged by the laying out of a public road, initiated by the plaintiff county, should have brought the suit against the defendant county, and not against the plaintiff county. Where the invasion of the citizen's property was initiated by the plaintiff county, the citizen may elect to sue it; and where he recovers judgment against the original trespassing county, it in turn may bring suit against the county assuming the liability on such agreement for the damage incurred by the construction of the road.

APPEAL from circuit court of Humphreys county.

HON. S. F. DAVIS, Judge.

Action by Washington county against Humphreys county. Judgment for defendant on demurrer, and plaintiff appeals. Reversed and remanded.

*Walton Shields,* for appellant.

Demurrers both to the original and the amended declaration were sustained by the court, and the appeal is from the judgment sustaining the demurrers.

Appellant respectfully submits that the clear and manifest intention of the acts referred to and the agreements entered into thereunder was that Humphreys county should pay the entire cost of the construction of the road building in that part of Humphreys county originally a part of Washington county, and of course, this included any liability of Washington county resulting from the construction of the road. It certainly is too narrow a view to say that Humphreys county was to pay only the contract price to contractors and not the other element of the cost of construction, to-wit: the cost of rights of way, and damages to landowners resulting from the construction, as Humphreys county received the entire benefit from the construction of said roads.

31

The position taken by appellee that the original suit of Duggan should have been against Humphreys county is unsound, because the damage done to Duggan was through the agencies set in force by Washington county, first, in the original taking of said road, and second, in the construction thereof begun before the organization of Humphreys county and completed thereafter, under the contracts made by Washington county for the construction of said roads. Duggan could look only to Washington county, and Washington county, under the agreements referred to, could look to Humphreys county to pay it, Washington county, for any judgment recovered against it, Washington county, as a result of said road construction. Of course, the mere fact that there was no allegation that the judgment had been paid is entirely immaterial. .

. . We respectfullly submit that the demurrers to the original and amended declaration should have been overruled.

*H. F. Jones,* for appellee.

Counties are political and civil subdivisions of the state and are subject to the absolute control of the legislature of the state exercised under constitutional restrictions. The state is only limited in its right to control counties by the Constitution. In the division of a county there will necessarily arise some disagreements, however, the bill under which Humphreys county was created evidently sought to conclude all possible differences that might arise. Section 16 of chapter 348, Laws of Mississippi, 1918, provides for Humphreys county carrying out all contracts heretofore entered into by the counties of Washington, etc., as far as the same affect the said Humphreys county, shall be executed and completed by Humphreys county." Constitutional control is given to the board of supervisors of each county of the roads lying in the boundaries of the county, and exclusive control is prescribed by statute.

Washington county contracted for the working of the roads in that part of that county cut off into Humphreys

county, it is true, but both by constitutional authority and by prescription repeated by the legislature of the state of Mississippi, all of such contracts became on the 3d day of June, 1918, the contracts and obligations of Humphreys county, and torts of servants working under the authority of all such contracts within the territory embraced in Humphreys county, if either county is liable therefor, it is necessarily Humphreys county. The contract entered into by Washington county in the first instance is no longer the contract of Washington county but it is the contract of Humphreys county, and the agreement, so far as it can change or alter this, is absolutely of no avail, but it does not do so, but so far as it goes merely ratifies and follows substantially in the wake of said section 16, chapter 348, aforesaid.

The agreement appellant sets up as the foundation of its suit herein, in no respect amends said section 16, chapter 346, Laws of 1918, but its obvious purpose is to amend section 10 thereof, and permit Washington county to use the money procured by Washington county by the issuance of bonds, and relieve Humphreys county of the payment of such moneys. This order or agreement was reached long after the injury was alleged to have been occasioned Duggan, and after section 16 aforesaid had been in operation and effect for over a year, and so far as there is any reference in the said agreement to the working of the roads embraced in Humphreys county by Humphreys county, or liability for such working, it is mere surplusage, inasmuch as Humphreys county had, by the time the agreement was made, already worked the roads within its borders, and fully and entirely assumed all contracts for such work.

Appellant makes no contention that the legislature exceeded its constitutional authority in providing in said section 6 of chapter 348, Laws of 1918, but merely says that such contracts having been made, and Washington county having set in motion the agency of injury, Washington county was primarily liable, and this would be unquestionably true but for the creation of Humphreys county, and

the provisions of the chapter authorizing the creation of Humphreys county, also constitutional limitations upon the right of a county to project improvements upon the roads of another county. The agreement upon which this suit is based simply obligates Humphreys county to assume liability for work done on certain of its roads subsequent to the date of its creation, and this obligation adds nothing to what the legislature had already imposed, and contracts already entered into by Washington county were then, and had been for several months the contracts of Humphreys county, and Humphreys county assumed nothing therein, so far as this work and liabilities arising therefrom goes, that had not already been imposed by the legislature.

Under all the allegations in the original declaration and amended declarations, and the statutes applicable to this case, J. W. Duggan should have prosecuted his claim against Humphreys county, and not against Washington county. Where a new county is organized out of territory of an old county, the jurisdiction and duties of the officers of the latter over the territory included in the former case. *State* v. *Clevenger*, 27 Neb. 422, 20 Am. St. Rep. 674; *Portwood* v. *Board of Supervisors*, 52 Miss. 523. The act creating Humphreys county was duly passed and became the law, and was fully applicable on June 3, 1918. And if, as alleged, a cause of action arose subsequent to this date, the injured party could only resort to an action against the county having jurisdiction at the time of the injury for public work upon the road. All work done under contracts made by Washington county, even in territory excised from Washington county and placed in Humphreys county, prior to the organization of Humphreys county, is properly chargeable to Washington county, and would have to be paid for by Washington county, also any civil liability therefor, direct to the injured party. Entirely the converse is true as to work done, and liabilities arising subsequent to the organization of Humphreys county. J. W. Duggan, having notice of the legislative action, wherein all

such liabilities were absolutely and unalterably fixed, must bring his action against the agency directly responsible for his injuries, and if these injuries were inflicted upon Duggan subsequent to June 1st, as alleged, he could not sue and recover from Washington county, nor could Washington county base a recovery from Humphreys county upon a judgment submitted to by Washington county in error, wherein Humphreys county had no opportunity to set up defenses.

ETHRIDGE, J., delivered the opinion of the court.

Washington county sued Humphreys county, setting forth: That a suit had been filed against Washington county by one Duggan for damage to a place of Duggan by constructing a public highway through his premises, and had recovered a judgment for five thousand, and fifty-six dollars and fifty cents against Washington county. That prior to the creation of Humphreys county Washington county had established a highway district for Washington county for the construction of a road from Arcola, Miss., to Belzoni, Miss. Under the said proceedings a contract for the construction of said road was let, and the work of construction had begun. That Humphreys county was organized about the 1st of June, 1918, and that the work on the highway had been commenced under the contract prior thereto, and was consummated after the organization of Humphreys county. That under the act creating Humphreys county (Laws, 1918, chapter 348) and the amendments thereto the board of supervisors of Washington county and the board of supervisors of Humphreys county were authorized to make such agreements as they saw proper in reference to the obligations and liabilities of the respective counties relating to roads in the territory formerly embraced in Washington county. That the boards of supervisors of the said counties in October, 1919, entered into an agreement which stipulates as follows:

"The county of Humphreys assumes all liabilities incident to the road project for the work done subsequent to its organization through that portion of Washington county which was included within the boundaries of Humphreys county, and said Washington county is authorized to alter the plans of Washington County Highway district so as to eliminate from its project that portion of the Arcola-Belzoni road which lies within the confines of Humphreys county; it being agreed and understood that neither Washington county nor the highway commission of Washington county is to construct the highway through Humphreys county originally in the plan if the highway commission of Washington county as approved by the board of super-visors of said county."

That this was thereafter ratified and confirmed by the legislature of the state in chapter 581, Laws of 1920, approved March 15, 1920. The exhibit to the declaration states the damage by items as follows:

1. Value of land taken for public road ........$ 909.00
2. Damage caused by water ponding on orchard and destroying 12 peach trees .......... 600.00
3. Damage caused by water ponding in yard and adjacent land of plaintiff, causing same to stagnate and breed mosquitoes, and drowning poultry, etc. .................... 1,000.00
4. Damage caused by cutting plaintiff off from pasture and destroying fence ........... 100.00
   Plaintiff's additional expense in driving his cattle across road .................... 500.00
5. Cutting down, destroying, or damaging crops. 587.50
6. Damage resulting from cutting fences and leaving openings across road, causing stock to depredate in crops and keeping stock inclosed ............................ 500.00
7. Damage resulting in causing ditches to fill up and preventing cultivation of 12 acres .... 960.00

                                $5,056.50

The declaration was demurred to on nine grounds, which it will not be necessary to set out. The demurrer was sustained, and plaintiff declined to plead further, and the case was dismissed, from which judgment this appeal is prosecuted.

Chapter 349, Laws of 1918, amending section 10 of chapter 348, Laws of 1918, provides that Humphreys county shall assume such proportionate part of the bonded indebtedness of any road district in any of the counties from whose territory Humphreys county was created, and shall be entitled to receive proportionate part of the moneys belonging to the said counties, etc., and provides:

"Provided, however, that the board of supervisors of Washington county and the board of supervisors of Humphreys county, if said Humphreys county is organized, are hereby authorized to make such contracts and agreements with each other with reference to the road districts now in said Washington county as they may deem advisable."

Acting under this provision, an agreement was entered as stated, wherby Humphreys county assumed all liabilities incident to laying out the road involved in this suit so far as the road lay within Humphreys county, and it was provided that Washington county should reorganize its road district so as to exclude a part of the road district in Humphreys county therefrom and that Washington county would pay off the bond issue and would retain the proceeds of the bond issue. As above stated, the agreement was ratified by the legislature of 1920 by chapter 581, Laws of 1920. The demurrer was sustained, evidently upon the theory that Duggan should have brought his suit against Humphreys county and not against Washington county. Inasmuch as the road was laid out by Washington county and the trespass upon the property of Duggan originated with Washington county, we think it was optional with Duggan to sue Washington county or Humphreys county, and, as he elected to sue Washington county and recovered judgment against it, Washington

county became entitled, under its agreement with Humphreys county and by virtue of its having satisfied Duggan for his injury, to sue Humphreys county for the amount of damage involved to the said plantation. Humphreys county is not precluded from contesting the amount of the liability, and the itemized statement of damages filed does not follow the proper rule. The measure of damages in such case is the difference in the value of the land immediately before the taking and its value immediately after the taking, plus the value of the strip actually taken, plus the loss of crops by reason of the taking and work during the year of construction. Washington county did not, so far as the record shows, notify Humphreys county of the pendency of the suit, and demand that Humphreys county defend the litigation, and therefore Humphreys county will not be precluded from contesting the amount of actual damages in the present suit. The agreement between the two counties ratified by the legislature clearly imposed liability, in our opinion, not only for the construction work or contract price, but also damages resulting to property owners from acquiring the right of way and for damages caused in so doing.

The judgment will be reversed and the case remanded for a trial on the merits in accordance with this opinion.

*Reversed and remanded.*