## HUMPHREYS COUNTY v. WASHINGTON COUNTY.

[90 South. 710, No. 22304.]

1. COUNTIES. *New county held to have assumed damages in connection
   with road project as to part thereof in old county which was included
   in new county.*

   Under the contract between Humphreys and Washington counties pro-
   viding that "the county of Humphreys assumes all liabilities incident
   to the road project for the work done subsequent to its organization
   through that portion of Washington county which was    included
   within the boundaries of Humphreys county," etc.    Humphreys
   county assumed all damages growing out of the laying out and con-
   struction of the public roads therein referred to within the territory
   excised from Washington county and included in Humphreys county.

2. COUNTIES. *Eminent domain. Landowner held entitled to recover for
   damages either from county constructing road or a new county as-
   suming liability; county compelled to pay damages for constructing
   road held entitled to recover from new county assuming liability.*

   A landowner, damaged because of the laying out and construction by
   Washington county of a road referred to in the said contract be-
   tween Washington and Humphreys counties, may sue and recover
   against either Washington or Humphreys county, and, in event the
   recovers against Washington county, that county may recover from
   Humphreys county the damages sustained by the landowner, and
   which it has been compelled to pay.

3. EMINENT DOMAIN. *Landowner may recover difference in value of his
   land before and after construction, the value of land actually ap-
   propriated, and damage to crops.*

A landowner whose land has been appropriated by a county for a public road, and whose crops have been damaged by reason of the laying out and construction of the road, may recover from the county the value of his land through which the road is constructed immediately before and after its construction, the value of the land actually appropriated, and the damage inflicted upon his crops.

4. TRIAL. *Owner may not complain that he was not allowed interest on damages to land and crops in absence of request for instruction thereon.*

Conceding that interest should be awarded on the amount of damages assessed in actions for injuries to or destruction of property, the failure of a jury to award such interest cannot be complained of in the absence of a request for an instruction directing it so to do.

5. APPEAL AND ERROR. *Verdict for unliquidated damages presumed to include interest.*

A verdict for a fixed sum in an action for unliquidated damages will be presumed to include any interest to which the plaintiff may be entitled.

APPEAL from circuit court of Humphreys county.

HON. S. F. DAVIS, Judge.

Action by Washington County against Humphreys county. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 89 So. 145.

*V. B. Montgomery* and *H. F. Jones,* for appellant.

Appellee admits that the decision of this matter hinges upon the inter-county agreement, which was ratified by the Mississippi legislature. Issue is taken with us, however, as to the construction which Humphreys county places upon this inter-county agreement should be read with both eyes shut, so to speak, as certain clauses are reached, and then certain other clauses are to be magnified and intensified into dominating factors. In short, that the inter-county agreement should be read so as to mean something different from what it plainly says; and that the words: "For work done subsequent to its organization," should be read entirely out of it. Yet the appellee

cites no authority whatever for such an unheard of construction of a contract.

In answer to this contention, we desire to quote the following statement from Corpus Juris, which contains the general law on this subject:

"Adjustment of Rights and Liabilities:—A. In Absence of Statute. In the absence of express legislative or constitutional provision as to the rights and liabilities, the general rule is that a new county will be entirely free of any of the burdens of the counties from which its territory was taken. No liability attaches because of the former relations of the inhabitants of the respective counties. The old county owns all the public property within its new limits, and is responsible for all debts contracted by it before the passage of the act of separation; and such debts it must pay without any right of contribution from the new county. Likewise, on the detachment of territory from one county, and its attachment to another, in the absence of express provision to the contrary, the transferred territory loses all claim to share in the property belonging to the county from which it is taken, and is relieved of the indebtedness resting on the latter, except in the cases of debts contracted before the separation and which are a lien on the detached territory; but it incurs the liabilities and shares in the property of the county to which it is attached and is equally subject to assessment and taxation for that purpose." Volume 15, Corpus Juris—Counties, section (33) 5, pages 407-8. Then we have a statement of the general rule where there is a statute. (The inter-county agreement having been ratified by the legislature, is the same thing as a statute.)

By Statute: In General. When a new county is organized, or when a portion of the territory of one county is detached and annexed to another, the legislature has the power to apportion the common property and the common burdens in such a manner as to it may seem reasonable and equitable, and to compel taxation for that purpose. This power of the legislature is exclusive, no part of it belonging to the courts or to the counties themselves; and where

the legislature has exercised its power by providing for an apportionment in a particular manner, the courts are without authority to interfere, although the plan provided may appear inequitable. Volume 15, Corpus Juris-Counties, section (34), page 408.

The inter-county agreement now before the court was ratified by the Mississippi legislature, and consequently has all of the force and effect of a statute adjusting the rights and liabilities between Washington county on the one hand, and Humphreys county of the other.

We most respectfully submit, therefore, that this inter-county agreement should be construed according to the true intent and meaning thereof; and that the interpretation thereof should be fair, just and reasonable, instead of either broad or narrow. We submit that the true intent and meaning limits the liability of Humphreys county to that assumed, to-wit: The county of Humphreys assumes all liabilities incident to the road project for work done subsequent to its organization. We fully agree that the word liabilities, in such an agreement covers not only liability arising *ex contractu,* but also that arising *ex delicto.* This point, and the point that Duggan had the right to sue either county in the first place, was all that the former opinion decided, or indeed, could have decided.

We therefore most respectfully submit that any reasonable interpretation of this inter-county agreement places upon Humphreys county liability only for work done subsequent to its organization. Hence the cause must be reversed and dismissed, since appellee apparently admits that all damages established by the evidence, accrued from work performed prior to the organization of Humphreys county.

Counsel for Washington county contend in the second place that the inter-county agreement, if construed as Humphreys county urges, would be inequitable.

In answer to this contention, we want to say in the first place that this court has nothing to do with the equity or inequity of this inter-county agreement, and we again re-

fer the court to the citation from Corpus Juris, to this effect which we have set out here, *supra*. This citation from Corpus Juris is supported by numerous authorities cited in the notes thereto, and inasmuch as appellee has not cited a single authority, we will shorten matters by not listing the authorities here.

*Walton Shields,* for appellee.

This cause was before this court on a former appeal in which Washington county was the appellant and Humphreys county the appellee. On the former trial the lower court had sustained a demurrer to the original declaration and also the amended declaration, and on appeal to the supreme court the court reversed the case, remanding it for a trial on the merits.

On the second trial Humphreys county filed a plea of the general issue and also a special plea. The special plea alleged that Washington county was estopped from setting up and suing for certain of the items of damages, to-wit: The value of the land taken and certain other items named, because, it alleged, said items of damage were matters of damage for the taking of the right-of-way by Washington county from the said J. W. Duggan, etc. And the said Duggan, failed to appear before the board of supervisors of Washington county at the August, 1917, meeting thereof when the petition for the laying out of said public road was heard by said board of supervisors and claim compensation for the land taken, etc., and also failed to appear and make such demand at the September, 1917, meeting and at the October, 1917, meeting of the said board of supervisors of Washington county and that, therefore, said items of damage constituted no claim against Washington county and therefore constituted no claim against Humphreys county in this suit. The special plea also contained the allegation that due and legal notice of said proceedings before said board of supervisors of Washington county was had by said J. W. Duggan.

Washington county demurred to this special plea on several grounds, one among them being that the matters of defense set up in said special plea were purely matters of defense in the suit of *J. W. Duggan* v. *Washington County,* in the circuit court of Washington county, and were finally adjudicated by the judgment therein and could not now be set up by Humphreys county against Washington county in this suit.  This demurrer was overruled and Washington county then filed a replication to the special plea, in which replication Washington county denied that J. W. Duggan had due and legal notice of the condemnation proceedings before the board of supervisors of Washington county, and denied, therefore, that said Duggan was required by law to appear at any of said meetings of said board of supervisors and claim compensation for the land taken, and concludes by denying that said items of damage referred to in said special plea were finally adjudicated in said proceedings before said board of supervisors of Washington county and by denying that the same constituted no claim against said Washington county or against said Humphreys county.

On this issue Humphreys county introduced no evidence to show that Duggan had ever had any notice of said proceeding before said board of supervisors.  On the contrary, Duggan himself testified that he never had any notice thereof until May, 1918, when Washington county began the construction of the road through his land. (See page 69 of the record.)  The proceedings before the board of supervisors, of Washington county were in the year 1917. Mrs. Duggan also testified (See page 75 of the record) that the construction of the road was begun, over her husband's objection, made on the ground at the time in May, 1918, to the representatives of the Highway Commission.

So on this issue, as Humphreys county introduced no proof on the question of notice, the only proof with reference thereto being that of Washington county, that Duggan had no notice of the proceedings before the board of supervisors of Washington county, there was nothing to

submit to the jury, and the court instructed the jury to find for Washington county in such sum as the evidence showed that J. W. Duggan was entitled to receive as the damage sustained by him a result of the construction of the road through his land, and the court further instructed the jury for Humphreys county as to how they should arrive at this damage in considering the question of the verdict they were to render. The jury composed of citizens of Humphreys county, found a verdict against Humphreys county in the sum of three thousand five hundred dollars. From this judgment Humphreys county has appealed to this court.

Counsel for Humphreys county ask that this judgment be reversed, because, as they say, the road was completed through Duggan's land along about the latter part of May, 1918, prior to the organization of Humphreys county on June 3, 1918. This is too narrow a construction to place upon the agreement made between the boards of supervisors, of the two counties under the acts of the legislature authorizing the making of said agreement and ratifying the same, all of which are referred to in the opinion of this court referred to above.

The original declaration contained two counts, one of them being omitted from the record by inadvertence. The amended declaration bases the liability of Humphreys county on the broad ground that Humphreys county assumed full charge and control of this road project as to the roads lying within the borders of Humphreys county, and released Washington county from all liability therefor. When this cause was before this court we called attention specifically to this. The court in its opinion states that the agreement between the two counties, ratified by the legislature, clearly imposed liability, in our opinion, not only for construction work or contract price, but also damages resulting to property-owners from acquiring right-of-way and for damages caused in so doing. And the court understood when they so decided that the proceedings for the condemnation of the road and the actual taking of the

land and the letting of the contracts for the construction
of the road and the commencement of the work thereunder
were all prior to the organization of Humphreys county
on June 3, 1918, a reading of the agreement and of the act
of the legislature ratifying the same to-wit: Chapter 581
of the Acts of 1920, will disclose that what the two counties
did was as follows: At the time of the passage of the act au-
thorizing the organization of Humphreys county out of
proportions of Washington and other counties, Washing-
ton county had a big road project which included the con-
struction of public roads throughout the county, including
that portion of Washington county which was thereafter
to become a part of Humphreys county and in order to
pay for the cost of these roads, a large bond issue had been
made by Washington county under the authority of the
acts of the legislature referred to in the pleadings. The
legislature authorized the two counties to make such agree-
ments with reference to this road district and the con-
struction of the roads included within this road project
as they might deem advisable. And so the two counties,
through their respective boards of supervisors, made the
agreement shown in the record and ratified by chapter 581
of the Acts of 1920, under which Washington county was
to receive all the proceeds of the bond issue and was to pay
off and retire the same, Humphreys county being released
from the payment of any part of said bond issue and Hum-
phreys county assumed full charge and control of that
portion of this road project within its borders and released
Washington county therefrom. In other words, insofar as
this particular road project was covered, Washington
county was to pay for the roads included in said road pro-
ject within the borders of Washington county and Hum-
phreys county was to pay for the roads included in said
road project within the borders of Humphreys county.
Counsel for Humphreys county contend that the liability
of Humphreys county is narrowed and dependent upon one
question only and that Humphreys county should pay only
for what was done subsequent to the organization of Hum-

phreys county on June 3, 1918. In other words, as to that part of the road project in Humphreys county, Humphreys county, so counsel contend, should pay for work done after June 3, 1918, and should pay nothing for that portion of the public road included in said road project, completed prior to June 3, 1918, though such a portion of the road were entirely within Humphreys county. Under such a construction assuming that ten miles of public road were built in Humphreys county as a part of the road project and five miles thereof had been completed prior to June 3, 1918, and the remaining five miles had been partially constructed prior to June 3, 1918, but were completed thereafter, Washington county would pay for all of the cost of the work done prior to June 3, 1918, although the entire ten miles of road were in Humphreys county; in other words, under this construction Humphreys county would practically secure ten miles of public road included within this road project for which Washington county would pay almost the entire cost, because Washington county paid for such portion of this road project as she was required to pay for out of the proceeds of the bond issue which Washington county alone was to pay off and discharge.

The sole question for the jury to determine was the amount of actual damages J. W. Duggan sustained as a result of the construction of the road through his land. All the evidence with reference thereto was submitted to the jury by the court under proper instructions, resulting in a verdict against Humphreys county. This verdict should be sustained and this cause affirmed on the direct appeal.

SMITH, C. J., delivered the opinion of the court.

This is an action at law in which the appellee is the plaintiff and the appellant the defendant. The declaration alleges, in substance: That one Duggan has recovered from the appellant a judgment for damages sustained by him because of the construction of a public road through

his premises situated in territory formerly in Washington county, but now in Humphreys county and which was begun before, but completed after, the organization of Humphreys county. That on the organization of Humphreys county a contract was entered into between the counties of Washington and Humphreys, stipulating among other things, that:

"The county of Humphreys assumes all liabilities incident to the road project for the work done subsequent to its organization through that portion of Washington county which was included within the boundaries of Humphreys county, and said Washington county is authorized to alter the plans of Washington county highway district so as to eliminate from its project that portion of the Arcola-Belzoni road which lies within the confines of Humphreys county; it being agreed and understood that neither Washington county nor the highway commission of Washington county is to construct the highway through Humphreys county originally in the plan of the highway commission of Washington county as approved by the board of supervisors of said county."

That the damages recovered from the appellee by Duggan arose out of the construction of the road through his premises, and that liability therefor was assumed by the appellee under this contract. The execution of this contract was authorized by chapter 349, Laws of 1918, and after its execution it was ratified by chapter 581, Laws of 1920.

A demurrer interposed to this declaration was sustained, but on appeal to this court the judgment sustaining the demurrer was reversed, and the cause was remanded for a trial on the merits. *Washington County* v. *Humphreys County*, 89 So. 145. On the trial of the cause after its return to the court below the appellant sought in various ways, but was not permitted by the court, to confine the appellee to a recovery for damages inflicted upon Duggan's land by "work done subsequent to" the organization of Humphreys county. At the close of the evidence the ap-

pellant also requested and was refused an instruction directing the jury to return a verdict in its favor; the ground of the request being that it appears without conflict from the evidence that the damages sustained by Duggan resulted wholly from work done on the road prior to the organization of Humphreys county.

The court below committed no error in declining to so restrict the appellee's recovery and in refusing the appellant's request for a peremptory instruction, for on the former appeal herein Division B of this court held: First, that by this contract Humphreys county assumed liability for all damages growing out of the laying out and construction of this road within the territory included in Humphreys county; second, that Duggan could have sued either Washington or Humphreys county in the first instance, and that, having recovered from Washington county, it could recover in a suit against Humphreys county; and, third, that the measure of Duggan's and consequently of Washington county's, damages is the difference in the value of the land immediately before the taking and its value immediately after the taking, plus the value of the strip actually taken, plus loss of crops by reason of the taking and work during the year of the construction.

The appellee has filed several cross-assignments of error, the only one of which is seriously pressed is that setting forth the overruling by the court below of the following motion made by it after the rendition of the verdict and before judgment was rendered thereon:

"Now comes the plaintiff herein by its attorney and moves the court that the verdict herein which was for the plaintiff in the sum of three thousand five hundred dollars carry with it six per cent. interest per annum from June 1, 1918, the same being the date of the conversion of the land herein, and that said interest be added to such verdict as the amount of the judgment herein."

Interest on the amount of damages assessed in actions for injuries to or destruction of property is not provided for by section 2678, Code of 1906; Hemingway's Code, sec-

tion 2075 et seq., but, conceding for the sake of the argument that interest on such damages is recoverable although not provided for by the statute (*Railroad Co.* v. *Haynes,* 64 Miss. 604, 1 So. 765; 16 A. & E. Ency. of Law [2d Ed.] p. 1027), no instruction directing the jury to include such interest in the damages awarded it was requested by the appellee; consequently it cannot complain at the jury's failure so to do. Moreover, the verdict here in question is for a fixed sum in an action for unliquidated damages, and, for aught that appears to the contrary, the jury may have included interest therein.

*Affirmed.*